**Archie JOHNSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 1218–85.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 25, 1987.

Steve Laird (court appointed on appeal), Richard Alley, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, David Richards, Sharen Wilson & Bob Gill, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR
DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

A jury convicted appellant of unauthorized use of a motor vehicle, found the enhancement allegation to be true, and assessed punishment at confinement in the Texas Department of Corrections for fifteen years. The Court of Appeals for the Second Supreme Judicial District reversed appellant's conviction, holding that the State failed to prove a prima facie case as to the validity of the prior conviction used for enhancement. The Court held that the evidence showed a void conviction because it showed appellant was a juvenile and did not show a valid transfer order to the district court. *Johnson v. State*, 697 S.W.2d 507 (Tex.App.–Ft. Worth 1985). We granted the State's petition for discretionary review to determine whether the State had the burden of proof to show a valid transfer order in order to prove a prior conviction, or whether appellant had that burden when he collaterally attacked the prior conviction.

At trial appellant objected that the prior conviction was void because he was a minor at the time he committed the prior offense and a proper order transferring the case from juvenile court to an adult felony court was not included in the "pen packet" which the State introduced into evidence. See V.T.C.A. Penal Code, Sec. 8.07 and V.T.C.A. Fam.Code, Sec. 54.02. The enhancement paragraph alleged and the pen packet showed that appellant was convicted of burglary in August, 1983. They also showed appellant's date of birth to be 2–23–67. By this showing appellant was a juvenile at the time of conviction for the prior offense. The Court of Appeals held that since the record shows that appellant was a juvenile at the time of the prior conviction and the record does not show a transfer order giving the district court jurisdiction over appellant, the State did not make a prima facie showing of a valid prior conviction despite the inclusion of a valid judgment and sentence.

The State contends that *Hankins v. State*, 646 S.W.2d 191 (Tex.Cr.App.1983) (opinion on rehearing) is directly on point and supports their contention that *appellant* has the burden to show there was not a valid transfer order since he is the party collaterally attacking the conviction. In *Hankins*, supra, the defendant attacked the admission of prior out-of-state convictions introduced at the guilt-innocence phase of trial, contending that he was fifteen at the time of conviction and that the record contained no certification from juvenile court to adult felony court. Appellant offered no evidence in support of his contention. We held that in this collateral attack the burden of proof was upon the petitioner and that since the defendant did not offer any proof of his contention that the convictions were void, the convictions were valid upon the State's proof.

The State also cites *Acosta v. State*, 650 S.W.2d 827 (Tex.Cr.App.1983) as authority. In *Acosta*, supra, the State alleged two prior out-of-state convictions for enhancement and introduced judgments which showed convictions upon informations. The defendant contended that there was no waiver of indictment shown and, therefore, the convictions were void since they were based upon informations. We discussed and relied upon *Hankins*, supra, to hold that the burden was upon the defendant to demonstrate that the prior convictions were void. He did not introduce any evidence to support his contention. Further, as Presiding Judge Onion stated in his concurring opinion, 650 S.W.2d at 834, "[T]he judgments, sentences and pen packets were properly certified and appellant was identified with them by expert fingerprint testimony. The proof was in conformity with the enhancement allegations in the indictment that the prior convictions were upon informations. Once the State made a prima facie case the burden shifted to the appellant to show that the prior convictions

were void because of lack of a waiver of the indictment in each case."

■ Both *Hankins,* supra, and *Acosta,* supra, are dispositive of the issue before us. The Court of Appeals' "distinctions" of the cases from the instant case are, as the State points out, "legally meaningless." Whether a collateral attack alleging a conviction is void is voiced at the guilt-innocence phase or at the punishment phase does not change the burden upon the party challenging the prior conviction, nor the proof necessary to show a valid prior conviction. Nor does it matter that the challenge is made to use of a prior conviction for enhancement as in *Acosta,* supra, or for some other purpose like impeachment, cf. *Hankins,* supra.

■ The State establishes a prima facie case of proof of a prior conviction by introducing copies of the judgment and sentence in each case used for enhancement and connecting them with the defendant. *Smith v. State,* 683 S.W.2d 393 (Tex.Cr. App.1984); *Tinney v. State,* 578 S.W.2d 137 (Tex.Cr.App.1979). *Acosta,* 650 S.W.2d at 834, Onion, J., concurring. In the instant case the State introduced a pen packet containing a judgment, sentence, and fingerprints which were connected to appellant at trial. This evidence indicates the resulting sentence is regular on its face. As appellant points out, the evidence also indicates that appellant was a juvenile and, thus, a transfer order would have been required to give the district court jurisdiction. However, this is exactly like *Acosta,* supra, and *Smith,* supra, where the evidence on its face—the judgments and sentences—showed convictions based upon informations and no evidence showing waivers of indictment. Once the State properly introduces a judgment and sentence and identifies appellant with them, we presume regularity in the judgments. The burden then shifts to the defendant, who must make an affirmative showing of any defect in the judgment, whether that be to show no waiver of indictment or no transfer order. *Smith,* supra; *Acosta,* supra; *Hankins,* supra.

In the instant case the State made a prima facie showing of a valid prior conviction by introducing into evidence a judgment and sentence and identifying appellant with them. The burden shifted to appellant to affirmatively show a defect which proved the conviction was void as he alleged. No showing was made. The State properly proved a valid prior conviction. *Hankins,* supra. The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

TEAGUE, Judge, concurring and dissenting.

Although I do not disagree in principle with the general rules that the author of the majority opinion states, nevertheless, I strongly disagree with the application of those broad general rules to the facts of this cause, and the issue that must be resolved by this Court. Therefore, I file this concurring and dissenting opinion.

The issue that is before us to resolve is whether the reasons that the Second Supreme Judicial District Court of Appeals (Fort Worth) gave in its majority opinion by Justice Joe Spurlock, II, for its decision reversing appellant's conviction, are correct. Because I am unable to disagree with the reasoning that led the court of appeals to its holding that appellant's conviction should be reversed, and cannot agree with the elementary reasoning used by the author of the majority opinion, I am compelled to dissent.

Contrary to the majority opinion of this Court, the court of appeals' opinion is, either expressly or implicitly, not in disagreement with the principle of law previously down by this Court, namely, that if, *without objection,* the State introduces into evidence *a facially* valid judgment and sentence of a prior felony conviction, that is alleged for enhancement of punishment purposes, and connects those documents to the defendant, then it has made a prima facie case and the burden shifts to the defendant to disprove the facial validity of the judgment and sentence. In fact, on page 5 of its slip opinion, the court of

appeals made it quite clear that it was subscribing to that principle of law.

What the court of appeals was confronted with resolving, just as this Court is now confronted with resolving, is answering the question whether the State ever opened the gate to the chute because of appellant's objection, and not whether the gate had been opened. The author of the majority opinion of this Court, contrary to Justice Spurlock, erroneously commences his elementary analysis with the assumption that the gate had been open. Because of appellant's objection, the gate never got open. Justice Spurlock implicitly stated the question this way, "Did the gate ever get *initially* open because of appellant's objection?" The court of appeals clearly and expressly made it clear on pages 8 and 9 of its slip opinion that one must commence the analysis with that question in resolving the issue before us.

In answering the question, the court of appeals stated the following in its opinion:

The *initial* burden of proof was on the State to show that a valid prior conviction existed ... The evidence [*initially*] introduced by the State in the present case did not satisfy this *initial* burden. The evidence instead [*initially*] showed a void conviction because it [the State] failed to [*initially*] show that the district court had jurisdiction over Johnson at the time the conviction was rendered.

We hold that the State failed to carry its *initial* burden of showing that a valid prior conviction existed, as the evidence is insufficient to show that fact ... [My emphasis.)

Perhaps if Justice Spurlock had used the words "initial" and "initially" about ten more times in his opinion, he would have made the reasons the court of appeals gave as to why it was ordering appellant's conviction reversed understandable to almost anyone.

The Court of Appeals clearly pointed out on page 4 of its slip opinion to almost everyone how the issue arose: Appellant "pled not true to the enhancement paragraph. [When the State offered into evidence the judgment and sentence, appellant] objected to the introduction of the 'pen packet' record of his prior conviction, [on the ground] that the conviction was void. Johnson based such objection on the fact that the record did not contain any indication that he had been certified as an adult and that the case had been transferred from juvenile court to the district court. Johnson's objection was overruled by the trial court." *

The appellant, by his objection, clearly raised the issue whether the judgment and sentence were *initially* admissible into evidence. When counsel made his objection, he was saying, in so many words, that the State had failed to lay the proper predicate for the documents' admissibility into evidence.

The majority opinion states that it is relying upon this Court's opinions of *Hankins* and *Acosta* as authority for its holding. I, however, contrary to the author of the majority opinion, find that it is not "The Court of Appeals' 'distinctions' of [*Hankins* and *Acosta*] from the instant case that are ... 'legally meaningless' "; it is this Court's majority opinion's distinctions that are "legally meaningless."

*Hankins*, supra, (On motion for rehearing), is the well known case of this Court in which an assertive and aggressive majority of this Court, in its then "Crusade for Justice," erroneously abolished the requirement that where required and requested, an instruction on the law of circumstantial evidence must be given the jury. The instruction was abolished by the assertive and aggressive majority of this Court because of the ludicrous conclusion that same "served only to distract jurors from examining the proper standard of proof as the

---

* Furthermore, but as pointed out by the court of appeals, "[The indictment] ... states that Johnson [appellant] is 17 years old and that his date of birth is February 23, 1967." (Page 4 of slip opinion.) From these statements, I infer

that this information became evidence at appellant's trial. The majority opinion, unfortunately, does not discuss this part of the court of appeals' opinion.

primary focus of their deliberations," 646 S.W.2d at 199.

A side issue in *Hankins,* supra, was whether prior convictions from the Commonwealth of Virginia were admissible against the defendant at the guilt stage of his trial. This Court's majority opinion merely held that the burden of proof was on the defendant to show the convictions were void. However, the majority opinion does not inform us of what occurred in the trial court when the State used the prior convictions for impeachment purposes. It was only contended *on appeal* that the convictions were inadmissible because of reasons that the defendant stated in his appellate brief. Whether the defendant in that cause ever attempted in the trial court to keep the State from impeaching him, for the reasons stated in the appellate brief, is not reflected in the opinion. So, because of what is not stated in *Hankins,* supra, makes it clearly distinguishable from what occurred in the cause at Bar.

What is stated in *Acosta,* supra, also makes the holding in that case easily distinguishable from the cause at Bar.

There, as set out in the opinion, the defendant challenged the admissibility of two prior felony convictions that he had sustained in California. However, the basis for his complaint *on appeal* was that the convictions were based upon informations and not indictments. The law in Texas, then and now, was and is that a defendant might be tried and convicted on an information rather than an indictment, i.e., he has the right to waive his right to be indicted by a Grand jury. Given *the presumption* that, unless shown to the contrary, California law was the same as Texas law, it becomes obvious that the defendant's objection to admitting the prior convictions was without merit. Here, however, we are not dealing with any presumption, and given the presumption that unless shown to the contrary, Texas law controls, the appellant's objection should have been sustained.

Given the above, it should be obvious to almost anyone that it was the State, and not the appellant, who failed to sustain its burden of proof.

I respectfully dissent.