Davis v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-252-CR

ALBERT LEE DAVIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Albert Lee Davis appeals his conviction for burglary of a habitation.  We will affirm.

The parties are familiar with the facts of this case and the applicable law is well-settled.

In his sole issue, appellant contends that the trial court erred by failing to instruct the jury sua sponte that they could consider punishment phase evidence of his prior offenses only if they believed that appellant had committed those offenses beyond a reasonable doubt.

The court of criminal appeals has recently held that the failure to give a reasonable doubt instruction for prior offenses is not error when the offenses are final convictions or other proceedings in which the reasonable doubt burden of proof has already been met.  
Bluitt v. State
, No. 723-02, 2004 WL 1259867, at *3-4 (Tex. Crim. App. June 9, 2004).  This includes proceedings in which the defendant has pleaded guilty.  
Id
. at *3.  The State must properly prove prior convictions, but does not need to re-prove them beyond a reasonable doubt.  
Id
. 

In each of the prior offenses introduced by the State, appellant either pleaded guilty or was found guilty of the charged offense.  The State’s exhibits were admitted pursuant to an agreed stipulation of evidence and without objection by defense counsel.  The State introduced certified copies of the judgments and sentences, along with fingerprints tying appellant to the prior convictions.  
See Johnson v. State
, 725 S.W.2d 245, 247 (Tex. Crim. App. 1987) (holding prior conviction properly proven where State introduced the judgment and sentence and identified appellant with them)
.
  Therefore, the trial court did not err in omitting a reasonable doubt instruction relating to appellant’s prior offenses.  We overrule appellant’s issue.

The trial court’s judgment is affirmed.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 8, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.