COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-252-CR
  
  
ALBERT 
LEE DAVIS                                                               APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Albert 
Lee Davis appeals his conviction for burglary of a habitation.  We will 
affirm.
        The 
parties are familiar with the facts of this case and the applicable law is 
well-settled.
        In 
his sole issue, appellant contends that the trial court erred by failing to 
instruct the jury sua sponte that they could consider punishment phase evidence 
of his prior offenses only if they believed that appellant had committed those 
offenses beyond a reasonable doubt.
        The 
court of criminal appeals has recently held that the failure to give a 
reasonable doubt instruction for prior offenses is not error when the offenses 
are final convictions or other proceedings in which the reasonable doubt burden 
of proof has already been met.  Bluitt v. State, No. 723-02, 2004 WL 
1259867, at *3-4 (Tex. Crim. App. June 9, 2004).  This includes proceedings 
in which the defendant has pleaded guilty. Id. at *3.  The State 
must properly prove prior convictions, but does not need to re-prove them beyond 
a reasonable doubt.  Id.
        In 
each of the prior offenses introduced by the State, appellant either pleaded 
guilty or was found guilty of the charged offense.  The State’s exhibits 
were admitted pursuant to an agreed stipulation of evidence and without 
objection by defense counsel.  The State introduced certified copies of the 
judgments and sentences, along with fingerprints tying appellant to the prior 
convictions.  See Johnson v. State, 725 S.W.2d 245, 247 (Tex. Crim. 
App. 1987) (holding prior conviction properly proven where State introduced the 
judgment and sentence and identified appellant with them).  Therefore, the 
trial court did not err in omitting a reasonable doubt instruction relating to 
appellant’s prior offenses.  We overrule appellant’s issue.
        The 
trial court’s judgment is affirmed.
  
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 8, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.