Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



KELSEY RAWLS,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-04-00047-CR

Appeal from the

41st District Court

of El Paso County, Texas

(TC# 980D05372)




O P I N I O N

           This is an appeal from a judgment adjudicating guilt. The court adjudicated
appellant guilty of the offense of aggravated robbery and assessed punishment at ten
years’ imprisonment. We affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           At the punishment stage of the adjudication hearing, the following exchange
occurred regarding a prior conviction:
DEFENSE:We object to the admission of State’s Exhibit Number 3 on its
face. The judgment is defective and therefore, I think the
defect would render it void and the matter has not been
addressed. We would require a writ of habeas corpus to
address the issue, but in the body--if I can explain briefly to
the Court the judgment.
 
STATE:In offering State’s Exhibit 3, Your Honor, the prior
conviction--the pen packet for the prior conviction for this
defendant, I believe we have a stipulation that the defendant
is, in fact, one in the same person that that pen packet refers
to, but I understand the defense counsel has an objection as to
the--as to technical defects in the prior judgment; is that
correct?
 
COURT:State’s Exhibit 1, 2 and 4 are admitted into evidence. Now,
what is it that you’re saying is defective about State’s Exhibit
3?
 
DEFENSE:Your Honor, the judgment shows that he waived his right to a
jury trial, but it alleges that he pleaded not guilty. And there’s
no showing on the judgment that the Court heard evidence
sufficient to find him guilty beyond a reasonable doubt. The
judgment in that sense is backward. If Your Honor would
compare it with the judgment Your Honor signed in the case
at bar, you’ll see the difference. Basically, the judgment in
that other case says that he pleaded not guilty and the Court
accepted his plea of not guilty and then goes on to find him
guilty. There is no showing that he had a trial--a bench trial--
at least under circumstances where it does show that he
waived his right to a jury trial.

. . .
 
COURT:Court is going to overrule your objections. State’s Exhibit 3
is also admitted into evidence.`

           Later in the proceeding, there was the following exchange:
 
COURT:Let me ask the state, if the Court does revoke the probation
and send this young man to prison, are you going to dismiss
the burglary of a habitation or is he going to sit in the County
jail waiting for you all to get a trial date to get that case to
trial?
 
STATE:I suspect we’ll be dismissing that, Your Honor.
 
COURT:Suspect?
 
STATE:Well, according to what he goes down for. If he goes down
for a small amount of time that my chief feels that like we
could get out more on the burglary--[sic]
 
COURT:I’m not asking what your chief likes. What I’m trying to do is
what’s best for this man and also what’s best for the county.
 
STATE:Of course. Absolutely.
 
COURT:And I don’t want him sitting in the County jail because if I
send him to prison, I’m going to put on there that they give
him substance abuse and alcohol counseling. He cannot get it
at the County jail. He needs to go somewhere where he can
get it.
 
STATE:I understand, Your Honor, and I will--I believe we will be
dismissing those charges, yes.

II. DISCUSSION
           In Issue No. One, Appellant asserts that the court erred by admitting evidence of a
void judgment. Specifically, Appellant contends that the judgment contained in State’s
Exhibit Number 3 is void because the record reflects that there is no evidence to support
the conviction.
           The State establishes a prima facie case of proof of a prior conviction by
introducing copies of the judgment and sentence in each case used for enhancement and
connecting them with the defendant. Johnson v. State, 725 S.W.2d 245, 247
(Tex.Crim.App. 1987). Once the State properly introduces a judgment and sentence and
identifies Appellant with them, this Court will presume regularity in the judgments. The
burden then shifts to the defendant, who must make an affirmative showing of any defect
in the judgment. Id.
           In the present case, the judgment indicates that Appellant pleaded not guilty to the
charged offense and waived a jury. The judgment then states:
Whereupon the Defendant proceeded to trial before the Court, who
having heard and considered the pleadings and evidence offered, is of the
opinion therefore that the said Defendant is guilty of the offense charged
against him.

           The judgment clearly indicates that the judge heard and considered the evidence
adduced at trial. Appellant has failed to demonstrate an affirmative defect in the
judgment. Accordingly, Issue No. One is overruled.
           In Issue No. Two, Appellant argues that the court erred in admitting evidence
which was outside the record. Specifically, Appellant maintains that the court violated
his due process rights by considering the matter concerning the dismissal of the burglary
charge. The State asserts that Appellant has failed to preserve this issue on appeal. We
agree.
           We note that Appellant did not object when the court made its inquiries concerning
the dismissal of the burglary case. As Appellant failed to object at any time regarding the
court’s consideration of the burglary dismissal, he has failed to preserve the issue on
appeal. See Perez v. State, 129 S.W.3d 282, 289-90 (Tex.App.--Corpus Christi 2004, no
pet.). Issue No. Two is overruled.
 

           Having overruled each of Appellant’s issues on review, we affirm the judgment of
the trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice
August 4, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)