

# NUMBER 13-11-00458-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**AUSTIN ARTZ,**                                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                  **Appellee.**

## On appeal from the 19th District Court
## of McLennan County, Texas.

## MEMORANDUM OPINION[1]

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Rodriguez

A jury convicted appellant Austin Artz of aggravated robbery, and the trial court

sentenced him to thirty-seven years in the Texas Department of Criminal

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

Justice—Institutional Division. *See* TEX. PENAL CODE ANN. § 29.03 (West 2003). By two issues, Artz complains that the trial court erred (1) when it did not instruct the jury regarding how to consider the testimony of Jessica Krupicka as an accomplice witness, and (2) when it denied Artz's motion to quash the enhancement paragraph of the indictment. We affirm.

## I. CHARGE ERROR

By his first issue, Artz contends that Krupicka was an accomplice witness as a matter of law and, alternatively, as a matter of fact and that the trial court should have given the requisite accomplice-witness jury instruction pursuant to article 38.14 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005); *Hernandez v.* State, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997) (en banc). Artz asserts that, as a result, he was egregiously harmed.

## A. Background[2]

Accomplice Cody Simms testified that he and Artz borrowed Krupicka's car and then robbed a convenience store.[3] According to Simms, Krupicka loaned them her car, knowing that they were going to rob the store. However, Krupicka testified that she had been dating Artz for about two weeks when Artz asked to borrow her car to go to his

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[3] It is undisputed that Cody Simms was an accomplice and that he was charged with the same robbery as Artz. Simms testified that during the robbery he and Artz wore "hoodies" and gloves. They also covered their faces with bandanas. According to Simms, Artz had a .22 revolver in his hand during the robbery. Artz took money from the register, and Simms took cigarettes and other "stuff." They ran out of the store through a residential area to the car. Simms testified that when a police car approached, they drove off. When they thought the car had a flat tire, both men jumped out and ran. Simms, who was not located during the search, was arrested two weeks later by a United States Marshal.

2

friend's house. Artz and Simms left in her car. The next morning Krupicka was told that Artz was in jail and that her car had been wrecked.

Randy Hallman testified that he was working at the convenience store when two men wearing hooded sweatshirts and bandanas accosted him outside the store. One of the men had a gun. The three went inside the store. Hallman opened the cash register and gave the money to the men. They also took cigarettes and lottery tickets. Hallman called 9-1-1 when the men ran out of the store. At trial, Hallman identified a surveillance video admitted, as State's Exhibit 2, and testified that the men, as seen in the video, wore "hoodies" and gloves and had bandanas over their faces during the robbery.

Waco Police Officer Donald McLaughlin, who had been dispatched on a robbery call, testified that he saw a car that matched the description of one reported to have been involved in a robbery the night before. When he approached the vehicle, the driver drove off. The police officers were pursuing the vehicle when it came to a stop in a yard. The occupants fled on foot. Officer McLaughlin testified that the police set up a one-block perimeter to contain the suspects. A canine unit was called to assist, and Officer McLaughlin "heard Officer Woodruff say his dog had gotten a hit one house over," about one block south from where the car had stopped. The police found Artz lying in front of a vehicle parked in an open garage near that house. They found a blue bandana and a black glove in a bucket located approximately one foot from Artz. Officer McLaughlin also testified that they located a loaded gun, admitted as State Exhibit 6, in the driveway of the house next door to where Artz was found. On cross-examination, Officer McLaughlin agreed that he did not know who placed the gun there.

3

**B. Applicable Law and Standard of Review**

A conviction may be had upon the testimony of an accomplice witness so long as there is some non-accomplice evidence which tends to connect the accused to the commission of the offense alleged in the indictment. TEX. CODE CRIM. PROC. ANN. art. 38.14; *Hernandez*, 939 S.W.2d at 176. The non-accomplice evidence need not be sufficient to establish guilt or even directly link the accused to the offense. *Hernandez*, 939 S.W.2d at 176.

We evaluate jury charge error under the *Almanza v. State* standard. 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (en banc); *see Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). "The first step is to determine whether there is error in the charge." *Barrios*, 283 S.W.3d at 350. "If there was error and appellant objected to the error at trial, reversal is required if the error 'is calculated to injure the rights of the defendant,' which we have defined to mean that there is 'some harm.'" *Id.* (quoting *Almanza*, 686 S.W.2d at 171). "If the error was not objected to, [as in this case,] it must be 'fundamental' and requires reversal . . . only if it was so egregious and created such harm that the defendant 'has not had a fair and impartial trial.'" *Id.* (quoting *Almanza*, 686 S.W.2d at 171).

**C. Discussion**

Assuming, without deciding, that both Simms and Krupicka were accomplices and that the trial court erred in not providing an accomplice-witness instruction, we disagree with Artz's contention that the non-accomplice evidence was not sufficient to connect him to the crime. Non-accomplice testimony placed Artz in the neighborhood where the

4

robbery occurred. After evading arrest, two men fled the vehicle that had reportedly been used in the robbery and had been pursued by the police. Following a scent picked up from the vehicle, a dog from the canine unit led officers to a home. The police found Artz hiding on the floor of an open garage next to that home, approximately one block from the vehicle. Nearby, the police found a glove and a bandana, items that matched those worn by the men in the surveillance video of the robbery. The gun used in the robbery was found in a driveway near where Artz was found.

Based on our review of the evidence, we conclude that there was some non-accomplice evidence which tended to connect Artz to the commission of the aggravated robbery such that Artz's conviction could have been had upon the testimony of the accomplice witnesses. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14; *Hernandez*, 939 S.W.2d at 176. Thus, the error, if any, did not create such harm that Artz did not have a fair and impartial trial and was therefore not egregious. *See Barrios*, 283 S.W.3d at 350; *Almanza*, 686 S.W.2d at 171. We overrule Artz's first issue.

## II. MOTION TO QUASH THE ENHANCEMENT PARAGRAPH OF THE INDICTMENT

By his second issue, Artz contends that the trial court erred in denying his motion to quash the enhancement allegation contained in the indictment because his burglary-of-a-habitation conviction is void and, therefore, the conviction should not have been available to enhance his minimum punishment. Artz asserts that his conviction is void because he was younger than seventeen at the time of the conviction and because the juvenile court did not waive its jurisdiction and did not certify him to stand trial as an adult in district court. *See* TEX. PENAL CODE ANN. § 8.07(a)-(b) (West Supp. 2010); TEX.

5

FAMILY CODE ANN. § 54.02 (West Supp. 2010). We disagree.

## A. Applicable Law and Standard of Review

Unless waived, the juvenile court has exclusive jurisdiction over children under seventeen years of age. TEX. FAMILY CODE ANN. § 54.02. A person may be prosecuted for an offense committed before the age of seventeen only if the juvenile court has first waived jurisdiction under section 54.02 of the family code and certified the minor for criminal prosecution as an adult. TEX. PENAL CODE ANN. § 8.07(b).

In a collateral attack of the validity of a prior judgment, "[o]nce the State properly introduces a judgment and sentence and identifies appellant with them, we presume regularity in the judgment." *Johnson v. State*, 725 S.W.2d 245, 247 (Tex. Crim. App. 1987) (en banc). It is then the burden of the party collaterally attacking the judgment as void to establish any defect in the judgment. *Id.* Therefore, in this case, assuming that Artz was younger than seventeen at the time of his conviction for burglary, Artz would have to show that the juvenile court did not waive its jurisdiction and did not certify him to stand trial as an adult in district court. *See id.*; *see also* TEX. PENAL CODE ANN. § 8.07(b); TEX. FAMILY CODE ANN. § 54.02.

An appellate court reviews a trial court's decision to deny a motion to quash an indictment under a de novo standard of review. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007).

## B. Discussion

In this case, the State made a prima facie showing of a valid prior conviction through the admission of Artz's penitentiary packet issued in cause number 2003-1267-C.

6

Included in the packet were the judgment and sentence on Artz's plea of guilty from that prior felony conviction and fingerprints which were connected to Artz. The judgment identified Artz as the person who had been charged with and convicted of the 2003 burglary of a habitation. *See Johnson*, 725 S.W.2d at 247. In addition, at the hearing on his motion to quash, Artz testified that he was arrested in September of 2003 on the burglary of a habitation that was being used as an enhancement. On cross-examination Artz also agreed that he pleaded guilty to that 2003 burglary of a habitation.

Because the State established a prima facie case of proof of a valid, prior conviction by introducing copies of the judgment and sentence in the case used for enhancement and connected it with Artz, the burden shifted to Artz to affirmatively show a defect which proved the conviction was void as he alleged. *See id.* Although Artz asserts that the juvenile court did not waive its jurisdiction and did not certify him to stand trial as an adult in district court, he provides no record citation for this assertion. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to . . . the record."). And we find nothing in the record that shows Artz offered any proof on the issue of the transfer order.

Therefore, assuming without determining that Artz was a juvenile at the time of the burglary conviction, it was Artz's burden to establish that the juvenile court did not waive its jurisdiction and did not certify him to stand trial as an adult in district court, and he did not do so. *See Johnson*, 725 S.W.2d at 247. The trial court did not err when it denied Artiz's motion to quash the enhancement paragraph of the indictment. *See Lawrence*, 240 S.W.3d at 915. We overrule Artiz's second issue.

### III.   CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 8th
day of December, 2011.

8