Affirmed; Opinion Filed January 30, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-11-01570-CR

## BILLY CORNEL FRITZ, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F10-45969-W

## MEMORANDUM OPINION
Before Justices FitzGerald, Fillmore and Evans
Opinion by Justice Evans

Billy Cornel Fritz pleaded guilty before a jury to aggravated robbery. The jury found appellant guilty and, after finding two enhancement paragraphs true, sentenced him to fifty years' confinement. He now complains in a single issue that the trial court erred in admitting portions of his penitentiary packet. We affirm. The background of the case and the evidence adduced at trial are well known to the parties, and therefore we limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

After appellant pleaded guilty, the State offered appellant's pen packet into evidence. The packet included judgments and sentences demonstrating his convictions for, among other crimes, two attempted capital murders. The defense objected,

> [O]n . . . July 26th, 1985, the date of the offense, . . . two of the cases contained in this pen packet, F86-97245 and F86-97246, at that point Mr. Fritz was a juvenile and he was certified by the Court to be tried as an adult. This pen packet does not contain any documentation of the certification of him being tried as an adult. I would object to it being incomplete . . . to prove what it purports to prove.

The trial court overruled the objection and admitted the pen packet into evidence. When appellant later testified, he admitted he had been certified to be tried as an adult for two attempted capital murders when he was sixteen years old.

Appellant contends in his sole issue that the trial court erred by admitting into evidence the portion of the pen packet showing his convictions for the two attempted capital murders. He contends the convictions were inadmissible because the State failed to include documentation of his certification from the juvenile court for appellant to be tried as an adult. He argues not that the previous convictions were void but rather that the proof of the convictions was incomplete.

When the State introduces a pen packet connecting an appellant with a prior judgment and sentence, it establishes prima facie proof of the prior conviction. *See Cunningham v. State*, 815 S.W.2d 313, 315 (Tex. App.–Dallas 1991, no pet.). Once the State makes a prima facie showing, there is a presumption of regularity of the judgment that must prevail for purposes of the admission of the conviction in the absence of an affirmative showing to the contrary. *See id*. Any defects in the pen packet go to the weight of the evidence, not the admissibility of the evidence. *See, e.g., Davila v. State*, 930 S.W.2d 641, 653 (Tex. App.–El Paso 1996, pet. ref'd) (discussing failure to attach fingerprint card to pen packet).

At the point the State connected appellant to the judgments and sentences for the attempted capital murders, the burden shifted to appellant to affirmatively show a defect that proved the convictions were void because he was never certified to be tried as an adult. *See Johnson v. State*, 725 S.W.2d 245, 247 (Tex. Crim. App. 1987). He made no such showing. We therefore resolve appellant's sole issue against him.

We affirm the trial court's judgment.

_____
DAVID W. EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111570F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

Billy Cornel Fritz, Appellant

No. 05-11-01570-CR     V.

The State of Texas, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-45969-W.
Opinion delivered by Justice Evans,
Justices FitzGerald and Fillmore
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of January, 2013.

DAVID W. EVANS
JUSTICE