

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00478-CR

Devante Montreal **PARKER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR0348
Honorable Raymond Angelini, Judge Presiding[1]

Opinion by:   Irene Rios, Justice

Sitting:      Sandee Bryan Marion, Chief Justice
              Rebeca C. Martinez, Justice
              Irene Rios, Justice

Delivered and Filed: October 28, 2020

AFFIRMED

A jury convicted Devante Montreal Parker of the offense of "Assault-Family-2nd Offense," a third-degree felony. In one issue, Parker argues the evidence was insufficient to show that he had a prior conviction for enhancement purposes. We affirm.

---

[1]Sitting by assignment.

## BACKGROUND

Count two of the State's indictment[2] alleged that, on or about October 13, 2018, Parker intentionally, knowingly, and recklessly caused bodily injury to Julie Jackson, a person with whom Parker had a dating relationship. The indictment included an enhancement paragraph, which alleged that Parker was previously convicted in cause number 575051, in Bexar County, Texas, of assault bodily injury-married, and that the offense was committed against a person with whom Parker had a dating relationship.

Parker pleaded not guilty and the case was tried to a jury. At trial, the victim, Jackson, testified for the State. According to Jackson's testimony, she and Parker first met in 2017, began dating a few months later, and then had a child together. On October 13, 2018, Parker assaulted her. This was not the first time Parker had assaulted her. A case had been filed against Parker for his previous assault on her.

Additionally, the State presented, and the trial court admitted, Exhibit No. 11, which consisted of certified copies of the judgment, the charging instrument, the complaint, and the probable cause affidavit filed in cause number 575051. The judgment in cause number 575051 shows that Parker was convicted of the offense of "Assault Bodily Injury-Married" and includes an affirmative finding of family violence. A fingerprint expert testified that he had compared the fingerprints on the judgment in cause number 575051 with Parker's fingerprints. He concluded the fingerprints on the judgment in cause number 575051 matched Parker's fingerprints.

Parker testified on his own behalf. In his testimony, Parker stated that his relationship with Jackson was a dating relationship and they had a child together. He also admitted that he had a prior conviction for assaulting Jackson.

---

[2]We only discuss count two of the indictment. The jury acquitted Parker on count one.

The jury found Parker guilty on count two of the indictment. At the punishment hearing, the trial court sentenced Parker to eight years in prison. Parker appealed.

## DISCUSSION

A defendant commits the offense of assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE § 22.01(a)(1). The offense is generally a Class-A misdemeanor. *Id*. § 22.01(b). However, the offense is enhanced to a third-degree felony when (1) the victim is someone with whom the defendant has or has had a dating relationship, and (2) the defendant has been previously convicted of assaulting someone with whom he had a familial or dating relationship. *Id*. § 22.01(b)(2)(A). Familial and dating relationships are as described in section 71.0021(b), section 71.003, and section 71.005 of the Texas Family Code. *See id*. A "dating relationship" is "a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature." TEX. FAM. CODE § 71.0021(b). A "family" includes "individuals who are the parents of the same child." *Id*. § 71.003. A "household" is "a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other." *Id*. § 71.005.

In his sole issue, Parker argues the State's evidence is "insufficient to prove that [he] had previously been convicted of the offense of Assault Bodily Injury-Married as alleged in the indictment." Referring to the judgment and the other documents from his prior conviction in cause number 575051, Parker argues:

> [T]he evidence reveals that the defendant entered a plea of guilty to the offense of Assault Family, when the record reflects [] he was charged only with the offense of Assault. As a result, the evidence brought forth by the [State] does not support the jury's finding that the defendant was previously convicted of Assault Bodily Injury-Married, thereby rendering the evidence [] insufficient.

Thus, Parker argues the evidence supporting the enhancement finding in the present case is insufficient because the charging instrument in cause number 575051 did not contain an allegation

that the assault victim was someone with whom he had a familial or dating relationship. Parker further argues that because the evidence supporting the enhancement finding is insufficient, the judgment in this case should be reformed to show he was convicted of a Class-A misdemeanor assault and not a third-degree felony assault, and this case should be remanded for a new punishment hearing.[3]

To determine if the evidence is sufficient to prove an enhancement finding, we review the evidence in the light most favorable to the State. *Lopez v. State*, 600 S.W.3d 43, 45 (Tex. Crim. App. 2020). To prove a prior conviction for enhancement purposes, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is connected to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). "[T]he State may introduce documents, admissions or stipulations, or testimonial evidence sufficient to prove that the defendant was convicted of the enhancement allegation." *Wood v. State*, 486 S.W.3d 583, 588 (Tex. Crim. App. 2016); *see Beck v. State*, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986) (recognizing that the proper ways to prove a prior conviction for enhancement purposes include certified copies of the judgment and sentence, witness testimony, stipulations, and judicial admissions). "The trier of fact is allowed to consider all the evidence from each source to determine whether the State has met its burden to prove the enhancement allegation." *Wood*, 486 S.W.3d at 588. "Once the State properly introduces a judgment and sentence" and connects them to the defendant, "we presume regularity in the judgment[]." *Johnson v. State*, 725 S.W.2d 245, 247

---

[3]We recognize that a defendant may collaterally attack a prior conviction used for enhancement purposes when the prior conviction is void or tainted by a constitutional defect. *See Galloway v. State*, 578 S.W.2d 142, 143-44 (Tex. Crim. App. 1979). However, Parker's brief does not present a collateral attack on his prior conviction; it only presents a sufficiency complaint. Nowhere in his brief does Parker argue that his prior conviction is void or tainted by a constitutional defect, and none of the cases he cites in his brief involve collateral attacks on prior convictions. *See Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017) (noting "an appellant is the master of his or her own destiny" with regard to the issues presented on appeal, and "an appellate court is not required to make an appellant's arguments for [him]."); TEX. R. APP. P. 38.1(i) (stating an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

(Tex. Crim. App. 1987). "The burden then shifts to the defendant, who must make an affirmative showing of any defect in the judgment . . . ." *Id*.

We conclude the evidence is sufficient to support a finding that Parker had a prior conviction for assaulting a person with whom he had a familial or dating relationship. *See Wood*, 486 S.W.3d at 588 (recognizing that the State may present documents, admissions, stipulations, and testimonial evidence to prove an enhancement allegation). Here, the judgment in cause number 575051 establishes that Parker was convicted of "assault bodily injury-married" on June 13, 2018, and includes an affirmative finding of family violence. The probable cause affidavit filed in cause number 575051 establishes that the victim in that case was Jackson, and that at the time of the assault she was involved in a relationship with Parker. Additionally, the probable cause affidavit, complaint, and charging instrument filed in cause number 575051 state that the "offense code/charge" is "Assault Bodily Injury-Married/Cohab." Furthermore, Jackson testified that (1) she and Parker had been in a dating relationship, (2) she and Parker had a child together, and (3) Parker had previously assaulted her. Finally, Parker testified that he and Jackson had dated and lived together, that he and Jackson had a child together, and that he was previously convicted of assaulting Jackson.

We reject Parker's argument that the evidence is insufficient to support an enhancement for a prior conviction. Considering all the evidence from each source in the light most favorable to the State, we hold the evidence is sufficient to support a finding that Parker was previously convicted of assaulting a person with whom he had a familial or dating relationship. *See id.*; *Reyes v. State*, 314 S.W.3d 74, 81 (Tex. App.—San Antonio 2010, no pet.) (holding evidence of a prior family violence assault conviction was sufficient based on (1) the prior judgment, which showed the defendant pled guilty to assault, made an affirmative finding of family violence, and indicated

the victim in the prior case was the same as the victim in the current case; and (2) expert testimony that the defendant's fingerprint appeared on the prior judgment). We overrule Parker's sole issue.

## CONCLUSION

The trial court's judgment is affirmed.

Irene Rios, Justice

Do not publish