

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00024-CR

---

WALTER CORTEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 432nd District Court
Tarrant County, Texas[1]
Trial Court No. 1540033D, Honorable Ruben Gonzalez, Presiding

---

March 10, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Walter Cortez, appellant, raises three issues challenging his conviction for failure to stop and render aid following a traffic accident.[2] We affirm the judgment of the trial court.

---

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] *See* TEX. TRANSP. CODE ANN. § 550.021(c)(2) (West Supp. 2020).

## Background

Tania Albarracin was driving eastbound in the middle lane of Interstate 30 in Fort Worth on April 8, 2018, when she saw a "flash" in her rearview mirror and felt her SUV get struck from behind. Her vehicle was flipped upside-down, then spun around and slid before coming to rest on its roof. Albarracin attempted to exit the vehicle but was unable to do so until passersby came to her aid.

Although Albarracin did not see the vehicle that hit her, another driver did. Alex Kolarich testified at trial that as he was driving east on I-30 on April 8, he saw a silver Corvette "coming very fast" in his rearview mirror. The Corvette quickly passed him and then rapidly changed lanes, from the far left to the far right, then back to the far left in a matter of seconds. When the Corvette maneuvered into the left lane, it struck Albarracin's SUV on the back right side, causing it to flip and spin. As the SUV slid down the highway on its roof, Kolarich pulled over and called 911.

As first responders arrived at the scene, they were alerted to the possible location of the other vehicle. Officer Scott Weir, a motorcycle officer with the Fort Worth Police Department, drove to a nearby gas station and saw a wrecked Corvette. People in the area pointed him toward a man who was running away from the gas station. Officer Weir caught up with the man, who was later identified as appellant. Officer Weir identified himself as a police officer and shouted at appellant to stop, but appellant entered a nearby wooded area. The officer parked his motorcycle and pursued appellant on foot, drawing his taser and ordering him to stop. Appellant then stopped and was placed under arrest by backup officers who had arrived to assist Officer Weir.

2

Appellant was charged with failing to stop and render aid at the scene of an accident resulting in injury to a person. He pled not guilty, and the case proceeded to a jury trial. At trial, appellant presented testimony from a neuropsychology expert, Dr. Antoinette McGarrahan. She testified that, in her review of the body-camera footage from appellant's arrest, she observed that appellant exhibited slurred speech and made nonsensical statements.[3] She opined that it was possible that appellant had suffered a concussion as a result of the crash. However, she testified that she was not offering an opinion as to whether appellant did or did not sustain a concussion.

In rebuttal, the State presented evidence showing that, on four dates after the April 8 crash, including on April 9, appellant was booked into the Tarrant County Jail and medically screened. On each occasion, he denied ever having experienced a concussion, traumatic brain injury, or loss of consciousness. Appellant's counsel objected to the admission of the evidence, other than the April 9 booking, on the grounds that it violated Rules 403 and 404 of the Texas Rules of Evidence. The trial court overruled his objections.

The jury found appellant guilty of the charged offense. Following the punishment phase of the trial, the trial court found the repeat offender allegation to be true and assessed punishment at eight years' confinement in the Texas Department of Criminal Justice.

---

[3] The State had previously elicited testimony from other witnesses that appellant did not appear to be intoxicated or injured after the crash and that he refused medical treatment at the scene.

3

Appellant raises three issues on appeal, which concern the admission of extraneous offense evidence, the determination that the enhancement allegation was true, and the admission of an exhibit.

Analysis

Admission of Extraneous Offense Evidence

In his first issue, appellant contends that the trial court abused its discretion and violated Rule 404(b) and Rule 403 of the Texas Rules of Evidence by admitting evidence concerning extraneous offenses. We review a trial court's decision to admit extraneous offense evidence under an abuse of discretion standard. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).

The trial court admitted evidence that appellant was booked into the Tarrant County Jail four times in the ten-month period following the April 8, 2018, accident: on April 9, 2018; November 13, 2018; January 19, 2019; and February 20, 2019.[4] The records related to these subsequent arrests reflect that on each occasion, appellant was medically screened at the jail and asked whether he had "ever had a traumatic brain injury, concussion, or loss of consciousness." On each occasion, appellant answered "No." The records showed only appellant's medical screening evaluation; the circumstances surrounding his subsequent arrests were not made known.

---

[4] In his brief, appellant claims that witnesses testified that the accident underlying this case occurred on April 8, 2019, and that the four extraneous arrests were therefore prior to the date of the charged offense. However, the record contradicts his claim, as these witnesses all testified that the date of the accident was April 8, 2018.

Appellant argues that the evidence should have been excluded under Rule 404(b) and Rule 403. The State responds that the evidence was properly admitted to rebut appellant's defensive theory that he could have suffered a concussion as a result of the accident and therefore may not have left the scene intentionally or knowingly, as charged. The State further asserts that the probative value of the evidence outweighed any prejudicial impact and appellant was not harmed by the admission of the redacted records.

Rule 404 operates to exclude evidence of extraneous offenses offered solely to show that a defendant acted in conformity with bad character by committing the charged offense. TEX. R. EVID. 404(b)(1). However, the rule also provides that extraneous offenses are admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b)(2). One such purpose for which extraneous offense evidence may be introduced is to rebut a defensive theory. *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). The advancement of a defensive theory does not automatically mean extraneous-offense evidence is admissible to rebut it; the evidence of extraneous misconduct must logically serve to make more or less probable defensive evidence that undermines an elemental fact. *Martin v. State*, 173 S.W.3d 463, 466 (Tex. Crim. App. 2005). Whether extraneous offense evidence has relevance apart from character conformity is a question for the trial court to decide. *Devoe*, 354 S.W.3d at 469. In its analysis, the trial court must first determine whether the evidence is relevant to a material issue in the case, then determine whether the evidence should be admitted as an

exception to Rule 404(b). *Rogers v. State*, 853 S.W.2d 29, 32 (Tex. Crim. App. 1993) (en banc).

Appellant argues that the evidence is not relevant, because his witness, Dr. McGarrahan, did not offer a definitive opinion on whether appellant did or did not sustain a concussion in connection with this accident. However, appellant's theory of the case, as evidenced by testimony elicited from Dr. McGarrahan and from the closing argument presented by appellant's counsel, was that appellant exhibited signs of a concussion. The possibility that appellant suffered a concussion, he argued, created a reasonable doubt as to his intent to leave the scene of the accident. Appellant also contends that evidence that he denied ever having a concussion at his jail screenings was not relevant because he could have suffered a concussion and not been aware of it.

We conclude that the trial court could have reasonably determined that if the evidence that appellant could have suffered a concussion was relevant to negate his intent, then the evidence that appellant did not suffer a concussion was also relevant. Further, the evidence indicated that, while it was possible for someone to unknowingly sustain a concussion, it was also possible for someone to recognize he had sustained such an injury. Thus, appellant's medical screening records from subsequent arrests, in which he stated that he had never had a concussion, had relevance beyond their tendency to prove character conformity and were thus admissible under Rule 404(b)(2).

Admissibility is subject, however, to the trial court's discretion to exclude the evidence if its probative value is substantially outweighed by the danger of unfair prejudice under Rule 403. TEX. R. EVID. 403 (allowing court to exclude relevant evidence

6

if its probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence). Rule 403 favors admission of relevant evidence and carries with it a presumption that relevant evidence will be more probative than prejudicial. *Martinez v. State*, 327 S.W.3d 727, 737 (Tex. Crim. App. 2010). In evaluating a Rule 403 objection, a trial court must balance the following considerations: (1) the inherent probative force of the proffered evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

Considering these factors, we conclude the trial court did not abuse its discretion in admitting the evidence. The State offered the evidence after appellant presented testimony that he may have lacked the intent to leave the scene because it was possible that he sustained a concussion. Thus, the evidence that appellant, on four occasions following the accident, denied ever sustaining a concussion had a high probative value. The State had need for the evidence because it was the only evidence showing that appellant himself maintained that he had never suffered a concussion. Certainly evidence that appellant was booked into the Tarrant County Jail four times in the ten-month period after the accident could have insinuated that appellant was involved in extraneous offenses, thereby potentially arousing the jury's hostility. *See id.* at 641. However, the

7

State did not reveal the reasons for which appellant was arrested, divulge any facts that might improperly influence the jury, or disclose the outcome of any criminal charges. The evidence was not so inflammatory as to indicate the jury reached its decision on an improper basis. Finally, presentation of the evidence consumed very little time and did not have the propensity to confuse the issues in the trial. Therefore, the trial court could have reasonably concluded that the factors weighed in favor of admission of the evidence.

Because the trial court did not abuse its discretion in determining that the probative value of the jail screening evidence was not substantially outweighed by the danger of unfair prejudice, we resolve appellant's first issue against him.

Enhancement Allegation

In appellant's second issue, he asserts that the trial court erred by finding the enhancement paragraph of the indictment to be true. The enhancement paragraph alleged that in 2010, appellant had been convicted in Dallas County of indecency with a child by contact. Prior to trial, appellant filed a "Motion to Disregard Repeat Offender Paragraph," which the trial court denied. At the trial on punishment, appellant pleaded not true to the enhancement allegation. The trial court found it to be true, increasing the punishment range for appellant's offense.

Appellant's argument on appeal, like his motion to disregard, is premised on his contention that he was wrongly convicted of the offense identified in the enhancement paragraph. Appellant contends that at the trial for that offense, the State failed to disclose

8

potentially exculpatory information to him.[5]  It is unclear whether appellant challenges the sufficiency of the evidence supporting the trial court's finding that the enhancement allegation was true or whether he intends to collaterally attack the prior conviction.  Our analysis will encompass both arguments.

To prove a prior conviction for enhancement purposes, the State must prove beyond a reasonable doubt that a prior conviction exists and that the defendant is connected to that conviction.  *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).  The State may introduce documents, witness testimony, stipulations, or admissions to prove that the defendant was convicted of the prior offense.  *Wood v. State*, 486 S.W.3d 583, 588 (Tex. Crim. App. 2016).  Upon a prima facie showing, the burden then shifts to the defendant to affirmatively show a defect in the judgment.  *Johnson v. State*, 725 S.W.2d 245, 247 (Tex. Crim. App. 1987).

In this case, the State made a prima facie showing of a valid prior conviction.  The State introduced into evidence a copy of the judgment of conviction reflecting that appellant was convicted of indecency with a child, a second-degree felony, in Dallas County in December of 2010.  It also presented testimony from an officer of the Fort Worth Police Department sex crimes unit, who testified that appellant is required to register as a sex offender as a result of his conviction.  The officer identified appellant as the defendant named in the judgment and who is subject to monitoring by the sex crimes

---

[5] *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) (requiring State to disclose evidence material to determination of guilt or punishment).

9

department. Further, appellant himself testified that he was convicted of the indecency charge and that he served seven years in prison as a result.

Once the State met its burden, appellant then had the burden to show a defect which proved the conviction was void. A prior conviction that is alleged in a later offense may be collaterally attacked if it is void or if it is tainted by a constitutional defect. *Galloway v. State*, 578 S.W.2d 142, 143 (Tex. Crim. App. [Panel Op.] 1979). When an appellant collaterally attacks a prior conviction, the judgments reflecting those prior convictions are presumed to be regular, and the accused has the burden of overcoming that presumption. *Campise v. State*, 745 S.W.2d 534, 535 (Tex. App.—Houston [1st Dist.] 1988, no pet.).

Even if we assume, without deciding, that the *Brady* violation alleged by appellant would constitute a constitutional defect tainting his prior conviction, we conclude that he failed to meet his burden to prove such a defect. At the trial on punishment, appellant's counsel re-urged his motion to disregard the repeat offender paragraph based on the allegation of a *Brady* violation. Appellant's motion had six pages attached to it, which appellant indicates are hearing transcripts and exhibits that support his contention that exculpatory information was never conveyed to his counsel. However, these documents were not offered or admitted into evidence. Documents attached to pleadings are not evidence unless they are offered and admitted as evidence by the trial court. *See Atchison v. Weingarten Realty Mgmt. Co.*, 916 S.W.2d 74, 76-77 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (mere physical presence of document in clerk's record does not allow appellate court to consider document that is otherwise not properly part of appellate record). Moreover, to the extent that the documents may be records from court

10

proceedings, appellant did not submit certified copies, nor did he provide affidavit or other testimony to authenticate the documents. "Simply attaching a document to a motion does not make the document admissible as evidence, dispense with proper foundational evidentiary requirements, or relieve a litigant of complying with other admissibility requirements." *LocumTenens.com, LLC v. Hanna*, No. 14-18-00739-CV, 2020 Tex. App. LEXIS 1549, at *7 (Tex. App.—Houston [14th Dist.] Feb. 25, 2020, no pet.) (mem. op.).

Thus, the only evidence in the record to support appellant's claim of a *Brady* violation is his own testimony, as follows:

> Q: The – the prior case, the conviction for indecency fondling, the aggravated sexual assault,[6] do you believe that there was some *Brady* information that was not disclosed to your attorney prior to the proceedings in your case?
>
> A: Yes, there was.
>
> Q: Have you had hearings before various judges with regard to those *Brady* violations?
>
> A: I have [sic] one hearing.
>
> Q: Okay. Do you believe that your constitutional rights were violated by that *Brady* information not being disclosed to your attorney prior to the disposition of your cases?
>
> A: Yes, it was.

This testimony, conclusory at best, is devoid of any real substance that would support a determination that appellant's prior conviction is tainted by a constitutional defect.

---

[6] The State also presented evidence of an Order of Deferred Adjudication reflecting that in December 2010, appellant was placed on community supervision for ten years for aggravated sexual assault of a child. The aggravated sexual assault charge was not the offense raised in the enhancement allegation, and the trial court stated on the record that the offense would not be considered for sentencing purposes.

Therefore, to the extent that appellant claims the evidence is insufficient to support the trial court's finding that the enhancement allegation is true, we disagree. The State established a prima facie case proving the prior conviction. To the extent that appellant claims the prior conviction is constitutionally infirm, we again disagree. The burden was on appellant to affirmatively show that the conviction was defective as he alleged. *Johnson*, 725 S.W.2d at 247. No such showing was made. Accordingly, we overrule appellant's second issue.

Admission of Accident Diagram

In his final issue, appellant argues that the trial court erred by allowing a witness for the State to testify to hearsay evidence over appellant's objection in violation of *Crawford v. Washington*[7] and the Texas and U.S. Constitutions. Specifically, appellant asserts that the trial court improperly allowed Buddy Brisco, an officer with the Fort Worth Police Department, to testify about his diagram showing how the accident possibly occurred. We review trial court rulings on the admissibility of evidence for abuse of discretion. *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005) (en banc).

During Officer Brisco's testimony, the State offered into evidence State's Exhibit 12, a diagram Officer Brisco created as part of his accident report. Officer Brisco prepared the diagram during his investigation of the accident, based on his personal observations at the scene and input from witnesses. Appellant's counsel objected to the diagram, asserting it was based on hearsay. The trial court admitted the exhibit conditionally, in

---

[7] *Crawford v. Washington*, 541 U.S. 36, 68-69, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

anticipation of State witnesses that would testify further about the diagram.  The exhibit was later admitted into evidence following testimony from Albarracin and Kolarich.

First, while appellant invokes *Crawford v. Washington* in his issue on appeal, contending that his rights under the Confrontation Clause of the Sixth Amendment were violated, he made no objection at trial on that basis.  At trial, appellant objected solely on hearsay grounds.  "[A] hearsay objection is not sufficient to preserve error on a confrontation claim."  *Neal v. State*, 186 S.W.3d 690, 692 (Tex. App.—Dallas 2006, no pet.) (citing *Holland v. State*, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991)).  Therefore, appellant failed to preserve error on his complaint that the exhibit violated his right to confront witnesses.

Second, even if appellant had preserved this issue, we would find no merit in it.  Officer Brisco's diagram was intended to demonstrate how the accident might have occurred, with appellant striking the back right side of Albarracin's vehicle after crossing multiple lanes of traffic.  When Kolarich took the witness stand, he testified that the diagram depicted the accident "exactly how [he] remember[ed] it."  He agreed that State's Exhibit 12 was a fair and accurate representation of what he observed, essentially adopting the diagram as his own based on his direct knowledge of the accident.  Appellant made no objection to this testimony.  Appellant had the opportunity to challenge the exhibit's accuracy through his cross-examination of Kolarich.  *See Boudreaux v. State*, No. 14-18-00891-CR, 2020 Tex. App. LEXIS 3831, at *34 (Tex. App.—Houston [14th Dist.] May 7, 2020, pet. ref'd) (mem. op.); *see also Hurd v. State*, No. 07-01-00140-CR, 2002 Tex. App. LEXIS 2960, at *8 (Tex. App.—Amarillo Apr. 26, 2002, pet. ref'd) (no

13

constitutional error in admission of diagram of accident scene prepared by police officer when eyewitness adopted diagram as her own and was available for cross-examination). Moreover, appellant has not shown harm by the admission of the exhibit. Kolarich's testimony, admitted without objection, developed the same facts as were represented on the exhibit, rendering any error harmless. *See Matz v. State*, 21 S.W.3d 911, 912-13 (Tex. App.—Fort Worth 2000, pet. ref'd) (no harm in admission of complainant's videotaped statement regarding assault where complainant's live testimony established same facts); *Merritt v. State*, 529 S.W.3d 549, 556-57 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (no harm in admission of hearsay statement where similar testimony was developed and offered through other witnesses).

Given this, we overrule appellant's third issue.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

Judy C. Parker
Justice

Do not publish.

14