Ronald Ross BLAKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 43939.

Court of Criminal Appeals of Texas.

June 23, 1971.

R. H. Stauffacher, Jr., Kenneth L. Sanders, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, William W. Burge and Jimmy R. James, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for assault with intent to commit murder where the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life.

The sufficiency of the evidence as to the primary offense is not challenged. Suffice it to say that the evidence shows that the appellant shot and seriously wounded a Harris County deputy sheriff who attempted to arrest the appellant by virtue of outstanding felony arrest warrants.

At trial appellant was represented by retained counsel, S. John Odom. Following sentence and notice of appeal on June 6, 1969, the appellant filed a pauper's oath to obtain the appellate record (June 30, 1969) and Casbeer Snell, Jr., was appointed as counsel on appeal. On May 13, 1970, notice of completion of the appellate record was given to the attorneys. By letter dated May 22, 1970, addressed to the trial court and filed May 25, 1970, Attorney Snell requested permission to withdraw in view of the appellant's written request to the court

that he do so and the verbal request of appellant's mother to the same effect. On May 25, 1970, the court then appointed R. H. Stauffacher, Jr., to represent the appellant on appeal.

After an examination of the record counsel Stauffacher filed a brief in the trial court in which he concluded the appeal was frivolous and without merit. Aware of his duties under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, such counsel filed a brief advancing several arguable points. Such brief was shown to have been served upon the appellant. After a number of pro se motions, etc. were filed and after an appearance of the appellant in open court with his court appointed appellate counsel the trial court ordered that the appellant be permitted to examine the appellate record "for as long as he desires to examine them." The appellant was furnished the record.

Such procedure seems to be in careful compliance with the decisions of this Court in Price v. State, Tex.Cr.App., 449 S.W.2d 73; see also Houston v. State Tex.Cr. App., 446 S.W.2d 309; Perry v. State, Tex. Cr.App., 447 S.W.2d 910; Kinkead v. State, Tex.Cr.App., 458 S.W.2d 678; Degay v. State, Tex.Cr.App., 455 S.W.2d 205; Pitts v. State, Tex.Cr.App., 442 S.W.2d 389. Cf. Bates v. State, Tex.Cr.App., 456 S.W.2d 107 (dissenting opinion).

Thereafter appellant filed his own pro se brief and retained counsel presented a supplemental brief and made an oral argument before this Court.

We have carefully examined the record and agree with court appointed appellate counsel that the appeal is frivolous and without merit.

We shall, nevertheless, examine appellant's grounds of error advanced in his pro se brief.

■ He contends initially that the prior convictions alleged for enhancement were not shown to have been valid convictions and were not available for the purpose of enhancement.

Testifying in his own behalf at the guilt stage of the trial, the appellant admitted he had been convicted of felony theft on November 20, 1964, and again on March 31, 1966, and identified his photographs as contained in State's Exhibits #2 and #3.

At the penalty stage of the trial State's Exhibits #2 and #3, being exemplified copies of records of the Texas Department of Corrections, were introduced. Included were certified copies of the judgments and sentences of the two felony theft convictions alleged for enhancement along with photographs, fingerprints, etc. See Article 3731a, Vernon's Ann.Civ.St. This was followed by the testimony of a fingerprint expert who related that appellant's fingerprints contained in State's Exhibits #2 and #3 were identical with known prints of the appellant recently taken. This method of proof of prior convictions alleged for enhancement has long been approved by this Court. Denham v. State, Tex.Cr.App., 428 S.W.2d 814; Vessels v. State, Tex.Cr.App., 432 S.W.2d 108.

The judgment in Cause No. 112801 of the Criminal District Court No. 4 of Harris County reflects that on November 20, 1964, the appellant, represented by "counsel, J. Cutler," waived trial by jury, entered a plea of guilty before the court, was duly admonished of the consequences of his plea and evidence heard before his conviction for felony theft. Sentence was entered on the same day. The judgment in Cause No. 118140 of the Criminal District Court No. 4 of Harris County reflects that on March 31, 1966, the appellant, represented by "counsel, J. Moss" waived trial by jury, entered a plea of guilty before the court, was duly admonished of the consequences of his plea and evidence was heard before his conviction for felony theft. Sentence was entered on the same day.

■ It is appellant's contention that the recitals in the judgments, regular on their

face, are not sufficient to reflect valid convictions. Appellant contends that the State must go further and prove that he was in fact represented by counsel; that there were in fact jury waivers; that he was in fact duly admonished, etc., and that in absence of such showing the convictions cannot be utilized for enhancement. We do not agree. Cf. Gutierrez v. State, Tex. Cr.App., 456 S.W.2d 84. The State was entitled to rely upon the judgments, valid on their face. If the recitations in the judgments were incorrect so as to render the convictions void and unusable for enhancement, it was incumbent upon him to show the same.

■ Next, appellant complains of an "improper form of question used by the prosecutor to discredit and impeach character of defendant."

As earlier noted, the victim was attempting to execute felony arrest warrants when he was shot, and other evidence showed that the appellant had taken a shot of heroin approximately 30 minutes before the alleged offense.

The complained of question occurred on cross-examination of the appellant as follows:

"Q. (By Mr. James) Let me ask you this: Do you know that if your parents were instigators—

"MR. ODOM (Defense Counsel): Object to this Your Honor.

"THE COURT: I'll sustain it.

"Q. (By Mr. James): Did your parents actually get your—ask the bondsman to go off your bond because you were on dope?

"A. I have no idea.

"Q. Would it surprise you if they did?

"A. No, I mean, it would surprise me.

"Q. It would?

"A. Yes, it would."

Appellant contends the question asked asserted that the fact inquired about did, in fact, occur. It is observed that the general objection was sustained and no other relief was requested. If it was the form of question to which appellant objected, he did not make this known to the court or the prosecutor. When interrogation along the same line continued, no further objection was offered. Under the circumstances, we perceive no error.

■ Appellant also urges that he was improperly impeached by use of pending indictments. See Article 38.29, Vernon's Ann.C.C.P.

The record reflects the following on cross-examination of the appellant:

"Q. (By Mr. James): All right, so there won't be any mistake, you were twice previously convicted as a felon, is that correct?

"A. That's right.

"Q. You were under indictment, and the warrants you were being arrested on, on the night of April the 29th, 1968, were still some other cases, is that correct?

"A. I'm not sure of the date. I believe that's the same.

"Q. All right. That makes at least a grand total of at least four felonies you were either convicted of or accused of, is that correct?

"A. That's right."

To none of this interrogation was any objection addressed. While Article 38.29, supra, does prohibit the use of pending indictments for the purpose of impeachment, we cannot conclude in light of the evidence already before the jury as to felony arrest warrants and the failure to object, that reversible error is presented.

■ Still further, the appellant complains of the prosecutor's jury argument,

contending the same was prejudicial and detrimental.

Appellant's retained counsel argued:

"This man had just 30 minutes prior to this fixed himself on narcotics. Now, although this isn't a fact that I was real happy to bring to you, I didn't try to hide it from you, and I didn't have Ronald do anything except tell you the truth."

In closing the prosecutor stated:

"First of all, I do not know whether defense counsel wants a metal [sic] or be commended because he did not have the defendant lying in this particular case, I don't know whether he wants a metal [sic] for that or not."

Upon objection to "this line of argument" for being "out of order" the court sustained the same and admonished the prosecutor to "stay in the record." The request for a jury instruction to disregard and for a mistrial was refused.

It is obvious that the prosecutor's argument was invited and he was merely responding to the previous argument. His reference was to counsel, not to the appellant. Reversible error is not shown.

Lastly, appellant complains of the ineffective assistance of appointed counsel on appeal. Attorney Snell, who had not participated in the trial, was appointed on June 30, 1969. The record, however, was not completed until May 13, 1970. By at least May 22, 1970, both the appellant and his mother had requested attorney Snell to withdraw which was apparently permitted on May 25, 1970, when attorney Stauffacher was appointed to represent the appellant on appeal. He complains of the inaction of attorney Snell but fails with one exception to point out just what action he expected attorney Snell to take in absence of a completed record of a trial in which he did not participate. He does complain that no formal bill of exception was filed within the time prescribed by Article 40.09, V.A.C.C.P., as to his impeachment by the use of pending indictments, but does not show that at any time this matter was brought to the attention of appointed counsel. In absence of objection to such interrogation, it is unclear just what effect a formal bill of exception could have had if timely filed.

Next, appellant centers his attack upon attorney Stauffacher who determined the appeal was frivolous. Anders v. California, supra, discusses the duties of appointed counsel on appeal. It is clear that counsel is not required to believe an appeal has merit merely because the accused thinks so. Attorney Stauffacher carefully followed the procedures required by Anders and by the decisions of this Court in cases where appointed counsel determines the appeal to be without merit. This Court has agreed with his analysis.

■ Appellant's lengthy pro se brief is articulately worded and replete with citation of authorities. In addition, retained counsel on appeal has filed a supplemental brief and presented oral argument before this Court.

We fail to perceive how appellant was deprived of effective assistance of counsel on appeal.

Finding no reversible error, the judgment is affirmed.