**Paul Dwayne HUMPHREY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–83–633–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 18, 1984.

Steven Abramowitz, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL, SEARS and T. GILBERT SHARPE, retired, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for aggravated robbery enhanced by a prior felony conviction. Appellant waived his right to trial by jury and pled not guilty. In a trial to the court, Appellant was found guilty and sentenced to twenty-five years. Appellant challenges the finding of true to the enhancement allegation on grounds that evidence of the prior conviction failed to show waiver of Appellant's right to trial by jury. Appellant also asserts the trial court erred in failing to grant his Motion for Continuance. We find no error and affirm.

The enhancement provision of the indictment alleged a prior felony conviction in Ohio for aggravated robbery. The State introduced into evidence a certified penitentiary packet containing the Ohio judgment which conformed with the authentication requirements of TEX.REV.CIV.STAT. ANN. art. 3731a (Vernon Supp.1984). Appellant objected that "[the judgment] does not set out [Appellant's] constitutional rights. There is no way to determine exactly what constitutional rights [Appellant] has waived..." The objection was over-

ruled and the packet admitted into evidence.

In his first ground of error Appellant asserts the evidence was insufficient to sustain a finding of true to the enhancement count in that the evidence of the prior conviction was inadmissible because it failed to show Appellant waived his right to trial by jury. Appellant relies on *Samudio v. State,* 648 S.W.2d 312 (Tex.Crim.App.) (en banc), *cert. denied,* —— U.S. ——, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983), and *Lopez v. State,* No. 84-13-003 (Tex.Crim. App., March 28, 1984) (not yet reported), for his position that the State failed to show an affirmative waiver of Appellant's right to trial by jury, that such waiver can never be presumed from a silent record, and that the Ohio judgment is fundamentally defective and inadmissible. The cases cited are not on point. *Samudio* involved a silent record challenged on direct appeal in which the court of criminal appeals held the State failed to meet its constitutional burden of establishing waiver of jury trial. *Samudio v. State,* 648 S.W.2d at 315. Appellant's case involves a collateral attack on the prior Ohio conviction, and as such the burden is on the Appellant to prove that the Ohio judgment did not conform to the laws of Ohio. *Acosta v. State,* 650 S.W.2d 827 (Tex.Crim.App. 1983) (en banc); *Hankins v. State,* 646 S.W.2d 191 (Tex.Crim.App.1981). *Lopez* involved a record which was completely devoid of any jury waiver while the record in the instant case contains the Ohio judgment reciting on its face that the Appellant "was fully advised of his Constitutional rights and his rights as required under Rule 11 of the Ohio Criminal Rules of Procedure." Rule 11 states that a guilty plea will not be accepted by the court without first informing the defendant and determining that he understands that by his plea he is waiving his right to a jury trial. OHIO R.CRIM.PROC. 11. The judgment also recites that the Appellant's plea of guilty to a charge of aggravated robbery was "voluntarily made and with a full understanding of the consequences." The first ground of error is overruled.

In his second ground of error Appellant asserts the trial court erred in failing to grant his Motion for Continuance based on a missing witness.

Appellant testified that his encounter with the complainant was not a robbery but was a homosexual sex-for-sale transaction similar to previous transactions between the complainant and Appellant. Appellant testified that when the complainant refused to pay twenty dollars as promised, he took complainant's car keys and drove away in his car. Appellant subpoenaed Tony Richardson to testify on his behalf, and when Mr. Richardson failed to appear to testify the court recessed and a writ of attachment issued for the missing witness. The following day Deputy Sheriff Richard Matzig testified that he had served the missing witness with the subpoena in the courtroom earlier in the trial but was unable to locate him to serve the writ of attachment. Roberto Gutierrez, assistant district attorney, testified that the missing witness had approached him earlier in the trial and told Mr. Gutierrez that Appellant had asked the witness to lie for him on the witness stand. The judge then overruled Appellant's Motion for Continuance.

Appellant's Motion for Continuance was not accompanied by an affidavit alleging material facts expected to be proved by the missing witness as required by TEX.CODE CRIM.PROC.ANN. art. 29.-06 (Vernon 1966). The Motion alleged only that the missing witness would testify that the complainant knew the Appellant prior to the time of the alleged offense, and that the complainant engaged in homosexual activities. The Motion failed to allege the witness had knowledge of material facts concerning the alleged robbery. At best the testimony would serve only to impeach the complainant on a collateral issue and as such was properly denied. *Cooper v. State,* 509 S.W.2d 565 (Tex.Crim.App.1974). The granting or denial of a motion for continuance lies within the trial court's discretion. *Ewing v. State,* 549 S.W.2d 392 (Tex.Crim.App.1977); *Syed v. State,* 642

S.W.2d 200 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd.). We find no abuse of discretion and overrule Appellant's second ground of error.

▮ In addition to the brief filed by counsel for Appellant, this court has received a pro se brief. There is no right to hybrid representation in Texas, *Rudd v. State,* 616 S.W.2d 623 (Tex.Crim.App.1981); therefore the pro se brief presents nothing for review. We have, however, reviewed the brief and find no error that should be considered in the interest of justice. *LaBome v. State,* 624 S.W.2d 771 (Tex.App.—Houston [14th Dist.] 1981, no pet.).

The judgment is affirmed.