David Bruce MORTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–93–0149–CR.

Court of Appeals of Texas, Amarillo.

Jan. 13, 1994.

Warren L. Clark, Amarillo, for appellant.

Danny Hill, Dist. Atty. and James A. Farren, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Presented by this appeal is the novel question whether the trial court committed reversible error in admitting into evidence a pen packet over appellant's objection that the exhibit failed to reflect his waiver of his right to a trial by jury. Answering the question in the negative, we will overrule appellant's sole point of error and affirm the judgment.

In the original prosecution, appellant David Bruce Morton pleaded guilty before a jury to the offense of burglary of a habitation, and the jury assessed his punishment, enhanced by appellant's previous conviction in New Mexico of the felony offense of armed robbery, at confinement for life and a $10,000 fine. On appeal, the judgment was reversed because of the State's injection of a prejudicial matter during trial, and the case was remanded for a retrial on the issue of punishment. *Morton v. State*, No. 07–91–0111–CR (Tex.App.—Amarillo, July 29, 1992, pet'n ref'd) (not designated for publication).

On retrial of the punishment issue, the State, to evidence its enhancement allegation, presented the testimony of a fingerprint expert, who identified appellant by his known fingerprints as the same person whose fingerprints were contained in a properly certified pen packet from the State of New Mexico, and offered the packet into evidence.

The packet consisted of the New Mexico district court's judgment of and sentence for appellant's conviction, upon his plea of guilty before the court, of the felony offense of armed robbery, and appellant's photographs and a card of his fingerprints. Appellant objected to the admission for the reason, urged on this appeal, that the exhibit failed to show he personally executed "his waiver of a trial by jury ... that's guaranteed under the U.S. Constitution." The objection was overruled and the pen packet was admitted into evidence.

Appealing with a single point of error, appellant contends the trial court committed reversible error in overruling his objection to the pen packet and admitting it into evidence. This obtains, appellant asserts, "since the exhibit failed to reflect a waiver of [his] personal right to a jury trial as required under articles 1.13 and 1.15 V.A.C.C.P."

■ The State counters that appellant has failed to preserve any error, because at trial he relied on U.S. Constitutional law and on appeal he relies on Texas law, thereby depriving the trial court the opportunity to rule on the Texas law theory. We disagree, for appellant's complaint, *i.e.*, the exhibit did not reflect a waiver of his right to a jury trial, was specific and so obvious to the court and to opposing counsel that there was no procedural default, *Lankston v. State*, 827 S.W.2d 907, 908–09 (Tex.Cr.App.1992), even though appellant referenced his objection to federal law and his appeal to Texas law, both of which guarantee a defendant the right of trial by jury.

■ Appellant premises his appeal upon the principle that a waiver of the right to trial by jury can never be presumed from a silent record, which is the state of the packet offered to show his prior New Mexico conviction. Although the principle is valid, it applies where the conviction is challenged *on direct appeal* because the record does not show that the accused formally waived his right of trial by jury. *See, e.g., Samudio v. State*, 648 S.W.2d 312 (Tex.Cr.App.), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983). Here, however, appellant's objection was in the nature of a *collateral attack* on his prior conviction.

■ Still, a prior conviction may be held void in a collateral attack if the accused was convicted upon a plea of guilty before the court without first waiving his right to a jury trial. *Robinson v. State*, 739 S.W.2d 795, 798 (Tex.Cr.App.1987). But that situation is not depicted by the appellate record. The admission of the certified copy of appellant's conviction and sentence with his photographs and fingerprints, together with testimony of the fingerprint expert that appellant's fingerprints contained in the exhibit were identical with his known fingerprints, was an approved method of proving appellant's prior conviction. *Johnson v. State*, 725 S.W.2d 245, 247 (Tex.Cr.App.1987); *Blake v. State*, 468 S.W.2d 400, 402 (Tex.Cr.App.1971). Once the judgment and sentence were introduced and appellant was identified with them, the regularity of the conviction was presumed unless appellant affirmatively showed that he did not waive his right to trial by jury, thereby showing the conviction was void, *Johnson v. State*, 725 S.W.2d at 247, and unusable for enhancement. *Blake v. State*, 468 S.W.2d at 403.

■ Appellant's objection to the exhibit was not the affirmative showing required of him to exclude the exhibit. At most, the objection merely called attention to the absence of a waiver of appellant's right to trial by jury in the exhibit; it does not show, and appellant did not contend, that he did not execute a waiver of his right to trial by jury at the proper time in the trial proceedings or that he was denied his constitutional right to a jury trial. Thus, the objection was not sufficient to exclude the exhibit. *Robinson v. State*, 739 S.W.2d at 799. Appellant's point of error is overruled.

The judgment is affirmed.