Hunter Damen **BATTLE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–98–00095–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 26, 1999.

Decided March 11, 1999.

Kevin Joseph Clancy, Dallas, for appellant.

Sue Korioth Assistant District Attorney, Erica H. Britt, Assistant District Attorney, Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Chief Justice CORNELIUS.

Hunter Battle was convicted in a trial to the court for driving while intoxicated, third offense. On appeal, Battle contends that the trial court improperly denied his motion to quash the indictment. Battle's motion was based on the State's failure to prove that, in his prior convictions, he waived a jury trial.

■ TEX.CODE CRIM. PROC. ANN. art. 1.13(a) (Vernon Supp.1999) provides that a defendant may waive his right to a jury trial only if he does so in person, in writing, and in open court. TEX. PEN.CODE ANN. § 49.09(b) (Vernon Supp.1999) enhances driving while intoxicated to a third degree felony if the defendant has been previously convicted of two other driving while intoxicated offenses. The State provided proof that Battle had been so convicted. The State introduced copies of the judgments, which are silent as to waiver of a jury trial, and documents from each of the prior proceedings that are entitled "Waiver of Jury Trial, Witnesses and Ten Days for Preparation." The waivers read in pertinent part as follows:

> Comes now the Defendant in this cause, and in open court makes known that he will enter a plea of GUILTY to the charge for the State to waive the right to trial by jury herein. The Defendant hereby waives arraignment. The Defendant further waives the ten day preparation period before trial and further agrees that the

testimony of any witnesses may be stipulated....

■ We begin our review by recognizing that we are required to presume the regularity of trial court proceedings.。 *Kelley v. State,* 676 S.W.2d 104, 108 (Tex.Crim.App. 1984); *Schneider v. State,* 594 S.W.2d 415, 418 (Tex.Crim.App. [Panel Op.] 1980). Thus, in this collateral attack on the prior convictions, Battle had the burden to show that the judgments were void. *Acosta v. State,* 650 S.W.2d 827, 829 (Tex.Crim.App.1983). Recitations, such as formal judgments, are binding in the absence of direct proof of their falsity. *Breazeale v. State,* 683 S.W.2d 446, 450 (Tex.Crim.App.1984); *Rogers v. State,* 792 S.W.2d 841, 844 (Tex.App.-Houston [1st Dist.] 1990, no pet.).

■ A prior conviction may be held void in a collateral attack if the accused was convicted on a plea of guilty before the court without first waiving his right to a jury trial. *Robinson v. State,* 739 S.W.2d 795, 798 (Tex. Crim.App.1987). But that is not shown by the record in this case. Once the judgment and sentence were introduced and Battle was identified with them, the regularity of the conviction was presumed unless Battle affirmatively showed that he did not waive his right to trial by jury. *Johnson v. State,* 725 S.W.2d 245, 247 (Tex.Crim.App.1987); *Blake v. State,* 468 S.W.2d 400, 402–03 (Tex.Crim. App.1971); *Morton v. State,* 870 S.W.2d 177, 179 (Tex.App.-Amarillo 1994, pet. ref'd).

■ Battle's objection at trial was based on the State's alleged failure to prove that he had waived his right to trial by jury. This objection did not offer affirmative evidence that Battle did not waive a jury; at most, it simply called attention to an ambiguity in the State's proof. Battle does not contend that he did not waive his right to trial by jury at the proper time in the trial proceedings or that he was denied his constitutional right to a jury trial, nor did he introduce any evidence to so suggest. Indeed, State's Exhibits 2 and 3 contain attachments to each of the judgments in the prior convictions that show that Battle waived a jury trial in each case. These attachments are signed by the trial judge. At most, Battle has shown an irregularity in his written waiver form. The failure

to execute a proper Article 1.13 waiver constitutes an irregularity, but such an irregularity does not render the conviction void. *Ex parte Sadberry,* 864 S.W.2d 541 (Tex. Crim.App.1993); *Ex parte Shields,* 550 S.W.2d 670 (Tex.Crim.App.1976); *State v. Garcia,* 905 S.W.2d 7 (Tex.App.-San Antonio), *pet. ref'd,* 910 S.W.2d 499 (Tex.Crim. App.1995). Battle has failed to discharge his burden to show that he did not waive a jury trial. *See Robinson v. State,* 739 S.W.2d at 799; *Morton v. State,* 870 S.W.2d at 179.

The judgment is affirmed.