ACCEPTED
06-15-00056-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/18/2015 3:44:57 PM
DEBBIE AUTREY
CLERK

## NO. <u>06-15-00056-CR</u>

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

5/18/2015 3:44:57 PM

DEBBIE AUTREY
Clerk

## IN THE COURT OF APPEALS
## FOR THE SIXTH APPELLATE DISTRICT OF TEXAS
## AT TEXARKANA

### BILLY MAX COLLINS, Appellant

### vs.

### THE STATE OF TEXAS, Appellee

_____

### ON APPEAL FROM COUNTY COURT
### HOPKINS COUNTY, TEXAS

_____

### APPELLEE'S RESPONSE TO APPELLANT'S BRIEF

_____

**DUSTANNA RABE**
**Hopkins County Attorney**
**State Bar No. 24002332**
**128 Jefferson Street Suite B**
**Sulphur Springs, Texas 75482**

# IDENTITY OF PARTIES AND COUNSEL

**Billy Max Collins**              **Pro Se Appellant**
**TDCJ 1884849**
**Terrell/R3**
**1300 FM 655**
**Rosharon, Texas 77583**


**Dustanna Rabe**                  **Hopkins County Attorney**
**128 Jefferson Street, Suite B**  **Responding on behalf of Appellee**
**Sulphur Springs, Texas 75482**
**(903) 438-4017**

# TABLE OF CONTENTS

IDENTITY OF PARTIES                                          2

TABLE OF CONTENTS                                            3

INDEX OF AUTHORITIES                                         4

STATEMENT OF THE CASE                                        5

STATEMENT OF FACTS                                          6

ARGUMENT AND AUTHORITIES                                     7

CONCLUSION AND PRAYER                                        10

CERTIFICATE OF SERVICE                                       11

CERTIFICATE OF WORD COUNT                                    12

# INDEX OF AUTHORITIES

Cases:

*Battle V. State*, 989 S.W.2d 840, 841 (Tex. App. –Texarkana 199, no pet)     7

*Brady v. United Sates,* 397 U.S. 742, 755 (1970)     10

*Cooper v. State*, 45 S.W. 3d, 77, 82 (Tex. Crim. App. 2001)     10

*Ex Parte Acosta*, 672 S.W.2d 470,472 (Tex. Crim. App. 1984)     9

*Ex Parte Easter*, 615 S.W 2d 719, 721 (Tex. Crim. App. 1981)     9

*Ex Parte Morrow,* 952 S.W.3d at 535     10

*Ex Parte Young*, 479 S.W.2d 45, 46 (Tex. Crim. App. 1967)     8

*Jones v. State*, 77 S.W.3d 819, 823 n. 15 (Tex. Crim. App. 2002)     7

*Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001)     8

*Rhodes v. State*, 240 S.W.3d 882, 887 (Tex. Crim. App. 2007)     7

## **Texas Rules:**

Texas Code of Criminal Procedure Article  11     8

Texas Code of Criminal Procedure Article  11.09     8

**IN THE COURT OF APPEALS
FOR THE SIXTH APPELLATE DISTRICT OF TEXAS
AT TEXARKANA**

**BILLY MAX COLLINS, Appellant**

**vs.**

**THE STATE OF TEXAS, Appellee**
_____

**TO THE HONORABLE COURT OF APPEALS**:

Hopkins County Attorney, Dustanna Rabe, submits this brief on behalf of the State of Texas in reply to the brief of Appellant.

**STATEMENT OF THE CASE**

Billy Max Collins was charged by information in cause number 5629-C with the misdemeanor offense of driving while intoxicated. On March 16, 1990, Mr. Collins entered a plea of guilty with the State of Texas and agreed to a sentence of 15 days in the county jail and a fine of $500.00. On May 9, 2013, Appellant was indicted in cause number F8793 with a charge of driving while intoxicated third or more in Franklin County, Texas. The indictment included Mr. Collin's driving while intoxicated conviction in cause number 5629-C as an essential element of the case. In September of 2013, a jury in Franklin County found Appellant guilty of the offense of driving while intoxicated third or more in cause number F-8793. The jury assessed Mr. Collins punishment at confinement in the Texas Department of Criminal Justice-Institutional Division for thirty six (36) years with no fine. Mr. Collins appealed the jury verdict within the required 30 days; and on May 30, 2014, in cause number 06-13-00214-CR, the Court

of Appeals, Sixth Appellate District of Texas at Texarkana issued an opinion that modified the trial court's judgment as to a fine amount but otherwise affirmed the judgment.

While incarcerated on the above felony charge, Appellant on February 20, 2015, filed a "Motion to Void Conviction 5629C" in Hopkins County Court under cause number 5629C. On March 20, 2015, Hopkins County Judge Robert Newsom reviewed the pleadings and entered an order denying Mr. Collin's request to void his conviction. Mr. Collins then filed a "Motion to Rule on Habeas 11.09" with the county judge on April 6, 2015. Appellant now appeals Judge Newsom's order denying his request to void his conviction in 5629C as well as the lower court's denial of Mr. Collin's application for writ of habeas corpus.

## STATEMENT OF FACTS

On March 6, 1990, Billy Max Collins entered a plea of guilty to the misdemeanor charge of Driving While Intoxicated filed in Cause Number 5629-C. Mr. Collins accepted a plea bargain offered by then Hopkins County Attorney John Perry and therefore agreed to serve fifteen (15) days in the Hopkins County Jail and pay a fine of five hundred dollars ($500.00) under the terms of the plea bargain. At the time of the plea, Mr. Collins signed a document waiving his right to employ an attorney or to have an attorney appointed to represent him. (See Appellant's Exhibit 1A) Mr. Collins signed a waiver of jury trial and a statement that his plea of guilty was voluntary. (See Appellant's Exhibit 2A). In addition, Appellant signed a document which specifically stated he understood his statutory and constitutional rights regarding the plea and that he wished to not only voluntarily waive those rights but he also wanted waive his rights to file a Motion for New Trial, Motion in Arrest of Judgment, and his right to appeal the conviction. (See Appellant Exhibit 3A). Finally, Mr. Collins signed a document to waive the ten days

granted to prepare for trial and asked the court to accept the plea recommendation. (See Appellant's Exhibit 4A). County Judge Joe Pogue signed each of the waivers and signed the judgment sentencing Mr. Collins to the agreed fifteen (15) days in jail and fine of $500.00. All of the documents were signed on the same date; and all were file-stamped by the county clerk on March 16, 1990, during the time frame of 4:00 o'clock to 4:01 o'clock p.m.

Mr. Collins was aware of the plea agreement and in fact admitted to sitting in jail under the terms of the agreement by stating "I believe I set in jail on 2 different weekends plus the fine I paid." (See Appellant's document entitled "Collins's Affidavit of Facts Exhibit A"). Appellant did not challenge his conviction and sentence in cause number 5629C nor did he make any attempt to file a Motion for New Trial, Motion in Arrest of Judgment, or a Notice of Appeal.

Mr. Collins alludes to the new case being filed against him in felony court and indicates the prior misdemeanor conviction was used to enhance the felony to which he is currently incarcerated.

### ARGUMENT AND AUTHORITIES

In order to successfully attack a criminal conviction or sentence resulting from a guilty or no contest plea, Appellant would have to prove the prior conviction was void. . *Rhodes v. State*, 240 S.W.3d 882, 887 (Tex. Crim. App. 2007). Since, courts presume judgments to be valid, Appellant bears the burden of defeating the presumption by a preponderance of the evidence. *Jones v. State*, 77 S.W.3d 819, 823 n. 15 (Tex. Crim. App. 2002); *Battle V. State*, 989 S.W.2d 840, 841 (Tex. App. –Texarkana 199, no pet). There are special rules and procedures which limit the types of issues a defendant can raise while collaterally challenging a conviction or sentence resulting from a guilty or no contest plea. Consequently, prior convictions are rarely found to be void. *Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001).

Appellant is attempting to raise issues as to whether his prior 1990 conviction should be deemed void by petition for writ of habeas corpus as set forth in Article 11 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. Art. 11. However, application of Article 11.09 of the Texas Code of Criminal Procedure which governs the rules regarding misdemeanor convictions creates some level of confusion. TEX. CODE CRIM. PROC. Art. 11.09. While Appellant is currently restrained, his incarceration is tied to a felony conviction and not to the 1990 misdemeanor conviction in question. Since more than twenty five years has elapsed since Appellant served the 15 day sentence, any complaint of unlawful restraint has moved well beyond the time frame for relief. At a minimum Appellant's petition should be denied, regardless of merit to substantive issues, as there is no longer any relief from restraint to be gained in cause number 5629-C.

While Article 1.08, Texas Code of Criminal Procedure, provides that "the writ of habeas corpus is a writ of right and shall never be suspended." TEX. CODE CRIM. PROC. Art. 1.08, a writ should at least be filed in a reasonable period of time and any delay in seeking relief can prejudice the credibility of the applicant's claim. *Ex Parte Young*, 479 S.W.2d 45, 46 (Tex. Crim. App. 1967). The filing of the petition roughly 25 years after the plea was entered under the circumstances presented is clearly not within reason. Therefore, applicant's delay in seeking relief should be denied as both moot and untimely.

In addition to Appellant's petition for writ of habeas corpus being moot and untimely, the Court of appeals should not review the merits of Mr. Collin's claims since the claims as raised are not cognizable. Mr. Collin's claims the conviction is void because he was not represented by an attorney, there were no cause numbers atop the signed waivers and no prints on the judgment. Habeas Corpus is available to review jurisdictional defects or denial of fundamental or

constitutional rights, it is not a proper means for raising statutory violations. *Ex Parte Cruzata*, 220 S.W.2d 518, 520 (Tex. Crim. App. 2007). Appellant agreed to the plea offer in 5629-C and signed off on a waiver of attorney, waiver of trial and waiver of his right to appeal. Consequently those issues cannot be raised in the petition for writ of habeas corpus.

A challenge to the sufficiency of evidence is not cognizable on habeas corpus; *Ex Parte Easter*, 615 S.W 2d 719, 721 (Tex. Crim. App. 1981); nor are allegations that were rejected on direct appeal. *Ex Parte Acosta*, 672 S.W.2d 470,472 (Tex. Crim. App. 1984). It should be noted that this Court of Appeals in cause number 06-13-00214, reviewed the issue of there being no fingerprints on the judgment in cause number 5629-C and found fingerprints on a judgment were not required to establish whether or not a conviction existed. The same judgment in question in this case is the same judgment presented in the felony case. The jury found the judgment in 5629-C to be a valid conviction as did this Court of Appeals by affirming the jury's decision. In essence, Appellant is attempting to re-litigate issues under the guise of a writ of habeas corpus which have already been reviewed in a direct appeal. Again, discussion of these issues are not cognizable further supporting the premise that Appellant's petition for writ of habeas corpus should be denied.

Mr. Collins claims the conviction is void because his plea to cause number 5629-C was involuntary. The Court of Appeals has said "most cases of involuntary pleas result from circumstances that existed outside the record, such as misunderstandings, erroneous information, impaired judgment, ineffective assistance of counsel, and plea-bargains that were not followed or turn out to be impossible of performance. *Cooper v. State*, 45 S.W. 3d, 77, 82 (Tex. Crim. App. 2001). Appellant has not proven by preponderance of evidence that his guilty plea was "induced by threats, misrepresentations or improper promises. *Ex Parte Morrow,* 952 S.W.3d at 535

(citing *Brady v. United Sates,* 397 U.S. 742, 755 (1970). In reality, the bargained sentence of 15 days in jail was a reasonable plea offer and Appellant had incentive to take the plea offer rather than risk a longer sentence.

Overall, nothing has been raised by Appellant to support granting the writ of habeas corpus. Mr. Collins was charged with driving while intoxicated and voluntarily entered a plea to the charge. Appellant found the need to challenge the 1990 conviction only when faced with more serious convictions and longer prison sentences due to continued criminal behavior. However, "buyer's remorse" is not grounds for rendering a prior conviction void.

## CONCLUSION AND PRAYER

The County Court did not err in denying Appellant's "Motion to Void Conviction" in cause number 5629-C. Further, application for writ of habeas corpus should also be denied as both pleadings are untimely and frivolous. The Honorable Court of Appeals for the Sixth Appellate District has already visited some if not all of the issues raised in the current appeal in a previous appeal filed by Appellant. There is no credibility in Appellant's timing of filing the petition and the issues raised in the writ are not cognizable. Further, there are no jurisdictional or constitutional issues that would merit granting the application for writ of habeas corpus.

Appellee prays that Appellant's attempt to have this Court void the conviction in cause number 5629-C be denied and that the petition for writ of habeas corpus be denied as the filing is untimely, frivolous, and without legal merit.

Respectfully submitted,

Dustanna Rabe
Hopkins County Attorney

By:/s/ Dustanna Rabe
Hopkins County Attorney
State Bar No. 24002332
128 Jefferson Street Suite B
Sulphur Springs, Texas 75482
(903) 438-4017
(903) 438-4016 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above instrument was forwarded to Pro Se Appellant Billy Max Collins via certified mail, return receipt requested to TDCJ 1884849, Terrell/R3,1300 FM 655, Rosharon, Texas 77583.

/s/ Dustanna Rabe
Dustanna Rabe

## CERTIFICATE OF WORD COUNT

I certify that this document contains 2192 words.

/s/ Dustanna Rabe
Dustanna Rabe