**Affirmed and Memorandum Opinion filed March 22, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00311-CR

---

### DOUGLAS WAYNE REED, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 19CR1668**

---

### MEMORANDUM OPINION

A jury convicted appellant Douglas Wayne Reed of driving while intoxicated ("DWI"), which was elevated to a third-degree felony offense by two prior DWI convictions. *See* Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2). The jury assessed punishment at thirty-five years' imprisonment. In four issues, appellant argues that: (1) the trial court abused its discretion by denying his oral motion for continuance; (2) the trial court abused its discretion by granting his first trial attorney's motion to withdraw; (3) the trial court erred by overruling his

objection to the prosecutor's improper jury arguments during the punishment phase; and (4) the sentence imposed was illegal due to a *Samudio* error. *See Samudio v. State*, 648 S.W.2d 312, 314 (Tex. Crim. App. 1983). We affirm.

## I.    BACKGROUND

On July 8, 2019, appellant was indicted for DWI 3rd or more. Before the formal indictment, appellant filed a motion to substitute counsel on June 18, 2019; appellant had counsel appointed to represent him, but sought to retain counsel—Tad Nelson. The trial court granted the motion to substitute. On January 2, 2020, Nelson filed a motion to withdraw as counsel, alleging the following reasons in support of his withdrawal:

> 2.    [Appellant] has failed to comply with the terms of the employment agreement with [Nelson]. [Appellant] has failed to make promised payments.
>
> 3.    [Appellant's] theory of the case will take extensive time and resources to prepare in a manner that will seem believable and does not make the defense have zero credibility.

In a letter dated January 10, 2020, appellant informed the trial court that he had released Nelson as his attorney in the case as they "disagreed on the way [his] case was being handled."

On January 17, 2020, the trial court held a hearing on Nelson's motion. Nelson stated that he wished to withdraw for "payment reasons, and, obviously, a conflict of personality reasons." Additionally, Nelson proclaimed, "I believe [appellant] is okay with that. He has told me that he is prepared to hire other Counsel." Appellant interjected that he did not have the money to hire additional counsel. The trial court granted the motion.

On January 22, 2020 the court appointed Pedro Ruiz to represent appellant. On March 9, 2020, the day trial was to begin, Ruiz told the court—for the first

2

time—that he was not ready for trial. Ruiz stated that appellant would need more time to prepare because a witness was unavailable; appellant was served with the re-indictment on March 2, 2020, less than ten days before trial; and the State abandoned some of the language in the indictment.[1] Ruiz orally moved for a continuance, which the trial court denied.

At trial, appellant did not refute that he was intoxicated while driving. Instead, he argued that he unknowingly became intoxicated when another individual tricked him into ingesting a spoonful of marijuana oil. Freda Anderson and Tammy Ashworth—appellant's sisters—both testified that they were surprised by appellants' conviction. Anderson opined that appellant must have been drugged because she has not seen appellant even holding a beer over the last seven years. Ashworth testified that she sees appellant every day and that appellant must have been drugged because she has never known him to drink and drive.

The jury found appellant guilty and found the enhancement allegations to be true. During the punishment phase, in its closing argument, the prosecutor's co-counsel asked the jurors to impose a life sentence because appellant had been convicted of seven total DWIs in his life (including the current offense and the two previous convictions the State alleged in the enhancement paragraphs). During appellant's closing argument, Ruiz asserted that "[t]he fact that he was drugged put him in a position to do something he never would have otherwise done because he hadn't done it in 14 years."

The primary prosecutor responded to Ruiz's argument during closing argument: "Now, defense brought up the point that he hasn't been in trouble for 14

---

[1] The new indictment merely altered one of the jurisdictional enhancements. The original indictment alleged that appellant was charged with DWI on March 9, 1992 in cause number 598634. The re-indictment alleged that appellant was charged with DWI on March 12, 1992 in cause number 9136108.

3

years. Just because I cannot bring you a judgment from the past 14 years, doesn't mean he hasn't been intoxicated and behind the wheel of a vehicle. It just means he hasn't been caught." The jury assessed punishment at thirty-five years' imprisonment in the Texas Department of Criminal Justice—Institutional Division.

Appellant filed a motion for new trial, and a hearing on the motion was conducted on April 23, 2020. Appellant argued that the trial court erred by allowing Nelson to withdraw without making further inquiries. Appellant also argued that Ruiz provided ineffective assistance of counsel by failing to file a sworn motion for continuance. On April 24, 2020, the trial court denied appellant's motion for new trial. Appellant filed a timely appeal.

## II. MOTION FOR CONTINUANCE

In his first issue, appellant argues that the trial court erred in denying Ruiz's motion for continuance.

"A criminal action may be continued on the *written motion* of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." Tex. Code Crim. Proc. Ann. art. 29.03 (emphasis added). All motions for continuance must be sworn to by a person having personal knowledge. *Id.* art. 29.08. "The Court of Criminal Appeals has construed these provisions to mean that a sworn and written motion for continuance is necessary to preserve any complaint associated with the denial of the motion." *Woodman v. State*, 491 S.W.3d 424, 428 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (citing *See Blackshear v. State,* 385 S.W.3d 589, 591 (Tex. Crim. App. 2012)).

Because appellant's motion for continuance was not written and not sworn, appellant has not preserved anything for review. *See Woodman*, 491 S.W.3d at 428. We overrule appellant's first issue.

4

### III. ALLOWING COUNSEL TO WITHDRAW

In his second issue, appellant argues that the trial court erred in allowing Nelson to withdraw from the case.

### A. STANDARD OF REVIEW & APPLICABLE LAW

We review the granting of a motion to withdraw for an abuse of discretion. *See Caddell v. Caddell*, 597 S.W.3d 10, 13 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Harrison v. Harrison*, 367 S.W.3d 822, 826 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *Johnson v. State*, 352 S.W.3d 224, 227 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). Though it is a non-exhaustive list, we have previously considered the following factors in determining whether a trial court abused its discretion in ruling on a counsel's motion to withdraw:

> (1) whether counsel offered good cause to withdraw; (2) the necessity for the withdrawal; (3) a client's Sixth Amendment right to counsel of choice; (4) a client's Sixth Amendment right to call witnesses in his own defense; (5) the disruption that may result to the trial proceedings as a result of the attorney's withdrawal; and (6) the attorney's role, if any, in creating the need to withdraw.

*Johnson*, 352 S.W.3d at 228.

An attorney may withdraw from representing a party "only upon written motion for good cause shown." Tex. R. Civ. P. 10; *Harrison*, 367 S.W.3d at 826. Rule 10 does not define "good cause," but the Texas Disciplinary Rules of Professional conduct set out relevant factors to consider in determining Rule 10 motions.

Under these rules, a lawyer may withdraw from representing a client if: a client "insists upon pursuing an objective that the lawyer considers repugnant or imprudent or with which the lawyer has fundamental disagreement"; "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's

5

services"; or "other good cause for withdrawal exists." Tex. Disciplinary Rules Prof'l Conduct R. 1.15(b)(4), (5), (7).

## B.   ANALYSIS

In his motion to withdraw, Nelson alleged that appellant had failed to make the agreed payments for Nelson's services. Nelson further alleged that he and appellant had a fundamental disagreement concerning how to approach appellant's defense. Nelson described appellant's theory that he became involuntarily inebriated by ingesting a spoonful of marijuana oil as "cockamamie."

Additionally, after Nelson filed his motion to withdraw, appellant filed a letter with the trial court indicating that he had released Nelson as his attorney because he "disagreed on the way [the] case was being handled." More importantly, at the hearing on Nelson's motion to withdraw, appellant indicated that he had no objections to Nelson's withdrawal. The trial court could reasonably believe that appellant was exercising his right to counsel of choice, and that appellant no longer wanted Nelson to represent him.

Lastly, we note that Nelson withdrew on January 17, 2020, and Ruiz was appointed to represent appellant just a few days later, on January 22, 2020. Trial did not begin until March 9, 2020. Because Nelson's withdrawal occurred over a month before trial began, there was no serious disruption to the trial. *Cf. Johnson*, 352 S.W.3d at 228 (concluding that granting counsel's motion to withdraw would have caused serious disruption because counsel moved to withdraw in the middle of trial, after several witnesses had already testified).

In summary, Nelson substantiated good cause for wanting to withdraw. Furthermore, appellant indicated to the court that he had released Nelson as his attorney and presented no objections when Nelson filed his motion to withdraw.

6

And there was no serious disruption because Ruiz, the new attorney, had over a month to prepare for trial and never filed a motion for continuance until the day of trial. Given these circumstances, we cannot conclude that the trial court abused its discretion in granting Nelson's motion to withdraw. *See* Tex. R. Civ. P. 10; *Johnson*, 352 S.W.3d at 228. We overrule appellant's second issue.

## IV. IMPROPER JURY ARGUMENT

In his third issue, appellant argues that the trial court erred in overruling his objection to the State's allegedly improper jury argument during the punishment phase.

### A. STANDARD OF REVIEW & APPLICABLE LAW

We review a trial court's ruling on an objection asserting improper jury argument for an abuse of discretion. *See Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010). "Proper jury argument generally falls within one of the following four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement." *Nicholson v. State*, 577 S.W.3d 559, 569–70 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd). Improper jury arguments constitute non-constitutional error; a non-constitutional error "that does not affect substantial rights must be disregarded." *Freeman v. State*, 340 S.W.3d 717, 728 (Tex. Crim. App. 2011).

### B. ANALYSIS

In his closing argument to the jury, appellant suggested that he had not driven while drunk for fourteen years. In its final jury argument, the prosecutor clarified that appellant simply had not been arrested for DWI in fourteen years. This argument was in response to appellant's own arguments, and thus, within the

7

realm of appropriate jury argument. *See Nicholson*, 577 S.W.3d at 569.

However, assuming without deciding that the prosecutor's statement was improper, appellant has not demonstrated that the comment affected his substantial rights. *See Freeman*, 340 S.W.3d at 728. "In determining whether comments by the prosecutor constitute reversible error, the argument is viewed in light of the facts adduced at trial and in the context of the entire argument." *Brown v. State*, No. 14-98-01232-CR, 2001 WL 224768, at \*2 (Tex. App.—Houston [14th Dist.] Mar. 8, 2001, pet. ref'd) (not designated for publication) (citing *McGee v. State,* 774 S.W.2d 229, 239 (Tex. Crim. App. 1989)). The prosecutor did not focus on the challenged statement in her closing argument; instead, the prosecutor emphasized that appellant had six previous DWIs. Similarly, the prosecutor's co-counsel, in her separate closing argument, focused on appellant's history of DWIs. We conclude that the probability of prejudice flowing from the alleged instance of improper jury argument does not outweigh the probability that the jury verdict was grounded on the proceedings and sufficient evidence. *See Brown*, 2001 WL 224768, at \*2.

Therefore, we conclude that the trial court did not err in overruling appellant's objection. *See Palacio v. State*, 580 S.W.3d 447, 453 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd) (concluding that the State's allegedly improper jury arguments were not harmful because "[t]he prejudicial effect of the officer's testimony was relatively low and the certainty of appellant's conviction absent the misconduct was relatively high."). We overrule appellant's third issue.

# V. SAMUDIO ERROR

In his final issue, appellant argues that the sentence imposed was illegal due to a *Samudio* error. Appellant asserts that the prior convictions the State introduced for enhancement purposes did not establish that appellant had waived his right to jury trial. Accordingly, he asserts that his sentence should be reduced to a class-B misdemeanor.

## A. STANDARD OF REVIEW & APPLICABLE LAW

"The State establishes a prima facie case of proof of a prior conviction by introducing copies of the judgment and sentence in each case used for enhancement and connecting them with the defendant." *Johnson v. State*, 725 S.W.2d 245, 247 (Tex. Crim. App. 1987); *see Blake v. State*, 468 S.W.2d 400, 403 (Tex. Crim. App. 1971) ("The State was entitled to rely upon the judgments, valid on their face. If the recitations in the judgments were incorrect so as to render the convictions void and unusable for enhancement, it was incumbent upon [the defendant] to show the same."). The burden is on the defendant to prove that a judgment introduced by the State is void. *See Humphrey v. State*, 681 S.W.2d 223, 224 (Tex. App.—Houston [14th Dist.] 1984, no pet.); *see also Morton v. State*, 870 S.W.2d 177, 179 (Tex. App.—Amarillo 1994, pet. ref'd) ("Once the judgment and sentence were introduced and appellant was identified with them, the regularity of the conviction was presumed unless appellant affirmatively showed that he did not waive his right to trial by jury, thereby showing the conviction was void.").

## B. ANALYSIS

Appellant relies on *Samudio* to argue that the evidence of his prior convictions were inadmissible because they failed to show that he waived his right to a jury trial.

In *Samudio*, the defendant was found guilty of assault, a class-A misdemeanor. *See Samudio*, 648 S.W.2d at 313. The judgment did not specifically reflect that the defendant had waived his right to jury trial; rather, the judgment contained the recitation: "No jury having been demanded." *Id.* The *Samudio* court observed that "the waiver of jury can never be presumed from a silent record, *at least on direct appeal.*" *Id.* at 314 (emphasis added). Accordingly, in *Samudio*, the court concluded that the State had failed to meet its constitutional burden of establishing that the defendant had waived jury trial. *See id.*

However, we find appellant's reliance on *Samudio* to be unwarranted because we have previously distinguished *Samudio* from cases such as appellant's case. *Humphrey*, 681 S.W.2d at 224. In *Humphrey*, we noted that:

> *Samudio* involved a silent record challenged on *direct* appeal in which the court of criminal appeals held the State failed to meet its constitutional burden of establishing waiver of jury trial. Appellant's case involves a *collateral attack* on the prior Ohio conviction, and as such the burden is on the Appellant to prove that the Ohio judgment did not conform to the laws of Ohio.

*Id.* (emphasis added) (internal citation omitted); *see Rogers v. State*, 792 S.W.2d 841, 843 (Tex. App.—Houston [1st Dist.] 1990, no pet.) ("The *Samudio* formulation, however, does not govern collateral attacks on judgments of conviction, such as those presented here.").

Likewise, appellant's case involves a collateral attack on his prior Texas convictions. The State introduced the prior judgments and connected them to appellant. Appellant stated that he had no objections to the introduction of the prior convictions, and appellant even admitted that he had been previously convicted of DWI. The burden was on appellant to prove that the judgments were void. Appellant failed to meet his burden because he provided no evidence to show that he did not waive his right to jury trial. *See Humphrey*, 681 S.W.2d at 224; *see also*

10

*Ex parte Ibarra*, No. 01-16-00313-CR, 2017 WL 1175557, at *4 (Tex. App.—Houston [1st Dist.] Mar. 30, 2017, no pet.) (mem. op., not designated for publication) ("A party fails to meet his burden if he fails to bring forward the entire record from the prior conviction or other evidence to show that he did not waive his right to a jury trial."). We overrule appellant's fourth issue.

## VI.  CONCLUSION

We affirm the trial court's judgment.

/s/     Margaret "Meg" Poissant
Justice

Panel consists of Chief Justice Christopher and Justices Hassan and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).