

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00122-CR
_____

COREY COLIN MOODY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 55170-A

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Corey Colin Moody pled guilty to aggravated assault of a police officer, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B) (Supp.). The trial court accepted Moody's plea and, after a punishment hearing, sentenced Moody to eighteen years' imprisonment and ordered him to pay $1,478.00 in attorney fees.[1] On appeal, Moody argues that he did not knowingly, intelligently, and voluntarily waive his right to trial by jury. He also argues that the trial court erred by assessing attorney fees for his court-appointed attorney because he was indigent.

We find that Moody knowingly, intelligently, and voluntarily waived his right to trial by jury. We also find that the trial court erred by assessing attorney fees against Moody and modify its judgment to delete the assessment. We affirm the trial court's judgment as modified.

## I. Moody Knowingly, Intelligently, and Voluntarily Waived His Right to Trial by Jury

In his first point of error on appeal, Moody argues that the record does not contain sufficient evidence to show that Moody intelligently, knowingly, and voluntarily waived his constitutional right to a trial by jury because it is silent. In support, he cites to *Rios v. State*, 665 S.W.3d 467, 472 (Tex. Crim. App. 2022).

---

[1]The State argues that we do not have jurisdiction over this appeal because of its sentence cap. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *see also Mayes v. State*, No. 06-19-00026-CR, 2019 WL 4724555, at *1 n.1 (Tex. App.—Texarkana Sept. 27, 2019, pet. ref'd) (mem. op., not designated for publication); *Hill v. State*, No. 06-17-00011-CR, 2017 WL 2822515, at *1 (Tex. App.—Texarkana June 30, 2017, pet. ref'd) (mem. op., not designated for publication). Both the trial court's certification and the judgment indicate that there was no plea agreement. The waiver of jury trial indicates that Moody entered an "open plea." The State's punishment recommendation was noted as "40 yrs in Prison." The trial court confusingly signed the State's punishment recommendation, indicating that there was a plea-bargain agreement, despite none being noted in the document. Defense counsel stated, during the plea hearing, "Judge, we have no agreement as to punishment."

The record before us does not disclose a plea bargain agreement between the State and Moody as to punishment, and Moody, therefore, has a right to appeal.

This case is distinguishable from *Rios* in many respects.  The most critical difference is in the recitals contained in the judgments because, as explained below, it impacts the measure by which we must analyze Moody's point of error.  In *Rios*, the judgment merely recited that Rios "waived the right of trial by jury and entered the plea indicated above" and did "not speak to whether the defendant expressly, intelligently, and knowingly waived the right to a jury." *Id.* at 485.  Here, the trial court's judgment expressly states, "Defendant waived the right of trial by jury and entered the plea indicated above.  It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of the plea."  This recital in Moody's judgment of conviction triggers the *Breazeale* presumption.  *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g).

In *Breazeale*, the Texas Court of Criminal Appeals explained that Texas courts "will indulge every presumption in favor of the regularity of the documents in the trial court," and "means that the recitations in . . . a formal judgment[] are binding in the absence of direct proof of their falsity." *Id.*  Accordingly, a recitation in a judgment that the defendant's waiver of a jury trial was made knowingly, intelligently, and voluntarily creates a "presumption of regularity and truthfulness" that attains unless an appellant overcomes the burden to show "that the contrary is true." *Id.* at 451; *see also Tanner v. State*, No. 06-22-00030-CR, 2022 WL 3567909, at *1 (Tex. App.—Texarkana Aug. 19, 2022, no pet.) (mem. op., not designated for publication); *Battle v. State*, 989 S.W.2d 840, 841 (Tex. App.—Texarkana 1999, no pet.).

In this case, Moody cannot establish that the trial court's recital is untrue.  Unlike in *Rios*, Moody signed a written waiver of the right to trial by jury and was admonished about that right.

3

*See Rios*, 665 S.W.3d at 470. As explained below, this establishes that the record is not silent on the matter.

On May 8, 2024, Moody signed a written waiver of trial by jury and agreed for the case to be tried by the court. Moody executed a separate set of written plea admonishments on June 13, containing another written waiver of the right to trial by jury. That written waiver expressly states that Moody consulted with his attorney and "freely, knowingly, and voluntarily" waived "the right to a jury trial on both guilt and punishment."

In open court, Moody testified that he could read and write English, had reviewed the plea paperwork with his attorney, asked his attorney any questions he had about the paperwork, and had signed all of the plea paperwork. Moody's counsel informed the trial court that he believed Moody to be competent to stand trial.[2] Moody also said that he wished to plead guilty and made no objection to the State's introduction of the plea paperwork containing his written jury trial waiver.

Because Moody has not overcome the presumption created by the trial court's recital that the waiver of jury trial was made knowingly, intelligently, and voluntarily, and because the record supports the recital, we overrule his first point of error.

## II. We Delete the Assessment of Attorney Fees for Court-Appointed Counsel

In his last point of error, Moody argues that the trial court improperly assessed attorney fees against him because he is indigent. We agree.

The record shows that the trial court found Moody indigent before trial and appointed him counsel. Because he was found indigent, he was "presumed to remain indigent absent proof

___

[2]The record also reflects that Moody underwent a competency examination and was found competent to stand trial.

4

of a material change in [his] circumstances." *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (Supp.). Nevertheless, both the trial court's judgment and the clerk's record reflect that Moody was ordered to pay $1,478.00 in attorney fees.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . , including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (alteration in original) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

We have reviewed the appellate record and conclude that nothing shows that Moody had the ability to pay attorney fees. We also note that the trial court appointed Moody counsel and granted his motion for a free record on appeal after determining his indigence. The State agrees that Moody is indigent and concedes that attorney fees should not have been assessed against him. Accordingly, we sustain Moody's last point of error.

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v.*

5

*State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993)). As a result, we modify the judgment and certified bill of costs by deleting the attorney fee assessment.

## III. Conclusion

We modify the trial court's judgment and the clerk's bill of costs by deleting the $1,478.00 assessment for court-appointed attorney fees. We affirm the trial court's judgment, as modified.

Charles van Cleef
Justice

Date Submitted:     December 27, 2024
Date Decided:       February 11, 2025

Do Not Publish